

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 10, 2018**

_____
United States Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: § | | Case No. 18-30264-SGJ-11 |
| § | | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P., § | | |
| ACIS CAPITAL MANAGEMENT GP, § | | (Jointly Administered Under Case |
| LLC, § | | No. 18-30264-SGJ-11) |
| § | | |
| Debtors. § | | Chapter 11 |
| § | | |
| HIGHLAND CAPITAL MANAGEMENT, § | | |
| L.P., AND HIGHLAND CLO FUNDING, § | | |
| LTD. F/K/A ACIS LOAN FUNDING, LTD., § | | |
| § | | |
| Plaintiffs, § | | |
| § | | Adversary No. 18-03078-SGJ |
| vs. § | | |
| § | | |
| ROBIN PHELAN, Chapter 11 Trustee, § | | |
| § | | |
| Defendant. § | | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Upon the *Motion for Preliminary Injunctive Relief* [Adversary No. 18-03078, Docket No. 18] *(*the "PI Motion") filed by Highland CLO Funding, Ltd. ("HCLOF"), and the Court having jurisdiction over this matter pursuant 28 U.S.C. §§ 157 and 1334; and venue being proper in this district pursuant to 28 U.S.C. §§ 1409 and 1409; and HCLOF having consented to entry of an order on the PI Motion; and it appearing that there was good and sufficient notice of the PI Motion, and upon the record of the hearing on the PI Motion; and pursuant to Federal Rule of Civil Procedure 65, incorporated by Federal Rule of Bankruptcy Procedure 7065, the Court finds cause exists to deny the PI Motion and finds the following:

1. To obtain a preliminary injunction, the movant must show (a) it has a substantial likelihood of prevailing on the merits; (b) it will suffer irreparable injury without the injunction; (c) the threatened injury to the movant outweighs the damage the proposed injunction may cause to the parties opposing it; and (d) that the requested injunction would not be against the public interest. *Clark v. Pritchard*, 812 F.2d 991, 993 (5th Cir. 1987); *Planned Parenthood Gulf Coast, Inc. v. Kliebert,* 141 F.Supp. 3d 604, 635 (M.D. La. 2015); *Miranda v. Wells Fargo Bank, N.A.,* No. 3:13-CV-2217-L, 2013 U.S. Dist. LEXIS 90632 (N.D. Tex. June 27, 2013). The Court has determined that HCLOF did not meet its burden on these elements.

2. Through the PI Motion,[1] HCLOF requests the Court preliminarily enjoin the Trustee from "interfering with, or failing to follow instructions related to, the Pending Notices

---

[1] On June 21, 2018, Robin Phelan, the Chapter 11 Trustee (the "Trustee") for Acis Capital Management, L.P., ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP," with Acis LP, "Debtors") filed the *Verified Original Complaint and Application for Temporary Restraining Order and Preliminary Injunction* [Adversary No. 18-03212, Docket No. 1] (the "Complaint"). The Court set the Trustee's Application for Preliminary Injunction (the "Trustee's Application") for hearing at the same time as HCLOF's PI Motion and the Break-Up Fee Motion (as hereinafter defined) (the "Hearings"). The Hearings were held on July 6, 2018. After the Hearings, by separate order, the Court granted the Trustee's Application (the "Trustee PI Order"). The PI Motion seeks the exact opposite relief granted by the Trustee PI Order and the relief granted by the Trustee PI Order precludes the relief requested by the PI Motion. Furthermore, the Court's reasoning in the Trustee PI Order supports and is incorporated by the denial of the PI

**ORDER DENYING PRELIMINARY INJUNCTION** 2

(as defined by the PI Motion) or any other valid instructions provided to Acis LP under the CLO Indentures (as defined by the PI Motion)" ("PI Request One"). *See* PI Motion ¶ 1. With respect to PI Request One, the Court finds that HCLOF failed to meet its burden that: (a) HCLOF has a substantial likelihood of prevailing on the merits; (b) HCLOF will suffer irreparable injury without the injunction; (c) the threatened injury to HCLOF outweighs the damage the proposed injunction may cause to the parties opposing it; and (d) that the requested injunction would not be against the public interest.

3.  Through the PI Motion,[2] HCLOF also requests the Court preliminarily enjoin the Trustee from "continuing his efforts to effect a transaction for the transfer of HCLOF's Equity Notes (as defined by the PI Motion) without HCLOF's consent" ("PI Request Two"). *See* PI Motion ¶ 1. With respect to PI Request Two, the Court finds that HCLOF failed to meet its burden that: (a) HCLOF has a substantial likelihood of prevailing on the merits; (b) HCLOF will suffer irreparable injury without the injunction; (c) the threatened injury to HCLOF outweighs the damage the proposed injunction may cause to the parties opposing it; and (d) that the requested injunction would not be against the public interest. In support of the Court's denial of PI Request Two the Court notes:

---

Motion. All term(s) not defined herein have the meaning(s) ascribed to such terms by the Trustee PI Order. The Trustee PI Order enjoins HCLOF and others from: (a) proceeding with, effectuating, or otherwise taking any action in furtherance of any Optional Redemption, call, or other liquidation of the Acis CLOs, previously or currently issued by the Defendants, and any other attempt to liquidate the Acis CLOs, now or in the future by any means; (b) trading any Acis CLO collateral, whether in furtherance of the Optional Redemption, call, or other liquidation of the Acis CLOs or otherwise, without the express and explicit written authorization of the Trustee; and (c) sending, mailing, or otherwise distributing any notice to the holders of the Acis CLOs in connection with the effectuation of any Optional Redemption, call, or other liquidation of the Acis CLOs.

[2] On June 8, 2018, Robin Phelan, the Trustee filed the Emergency *Motion to Approve Break-Up Fee, Expense Reimbursement, and Replacement Sub-Advisory and Shared Services Provider, Oaktree Capital Management, L.P.*[Case No. 18-30264, Docket No. 263] (the "Break-Up Fee Motion"). After the Hearings, by separate order, the Court granted the relief requested in the Break-Up Fee Motion (the "Break-Up Fee Order") and the relief requested in the Trustee's Application. The PI Motion seeks the exact opposite relief granted by the Break-Up Fee Order and the Trustee PI Order. The Break-Up Fee Order and the Trustee PI Order preclude the relief requested by the PI Motion.

**ORDER DENYING PRELIMINARY INJUNCTION** 3

A. The Trustee is not proposing in his plan that the HCLOF Equity Notes (as defined by the PI Motion) would be sold or transferred to Oaktree Capital Management, L.P. ("Oaktree") or any other third party without HCLOF's consent, *per se*.

B. The Trustee is not proposing a sale of non-estate property.

C. The Trustee is not proposing a violation of the special purpose entity structure of the CLOs.

D. The Trustee has legal theories that he seeks to present that might establish: (a) that HCLOF has made a demand for specific performance against the Acis LP bankruptcy estate, and sought other relief, that might make it a holder of a "claim" against the estate pursuant to section 101(5)(B) of the Bankruptcy Code; (b) the Trustee has options for treating such a "claim" by satisfying it with money damages; (c) if the Trustee prevails on theories (a) and (b), the Trustee believes the Trustee can be subrogated to the rights of HCLOF as to the Equity Notes (as defined by the PI Motion) and will be entitled to demand their transfer to him, to avert double-recovery as to HCLOF; and (d) once the Trustee has the Equity Notes (as defined by the PI Motion), the Trustee can transfer them to Oaktree or other third parties.

E. The Trustee additionally believes that he has fraudulent transfer claims against HCLOF, in respect to rights transferred from Acis LP to HCLOF in the weeks before bankruptcy without fair consideration in return, and these claims may additionally provide an avenue for the Trustee to reach the Equity Notes (as defined by the PI Motion).

Accordingly, it is hereby **ORDERED** that the PI Motion is **DENIED**.

### ### END OF ORDER ###

Submitted by:

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)


By:   */s/ Rakhee V. Patel*
Rakhee V. Patel
State Bar No. 00797213
rpatel@winstead.com
Phillip Lamberson
State Bar No. 00794134

**ORDER DENYING PRELIMINARY INJUNCTION**                                                                4

plamberson@winstead.com
Joe Wielebinski
State Bar No. 21432400
jwielebinski@winstead.com
Annmarie Chiarello
State Bar No. 24097496
achiarello@winstead.com

**SPECIAL COUNSEL FOR**
**ROBIN PHELAN, CHAPTER 11 TRUSTEE**

-and-

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200
Suzanne K. Rosen
State Bar No. 00798518
Matthias Kleinsasser
State Bar No. 24071357
FORSHEY & PROSTOK LLP
777 Main St., Suite 1290
Ft. Worth, TX 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

COUNSEL FOR
THE CHAPTER 11 TRUSTEE