Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Shiva D. Beck (TX 24086882)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT, L.P.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 18-30264-SGJ-11** |
| | § | **Case No. 18-30265-SGJ-11** |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under** |
| **LLC,** | § | **Case   No. 18-30264-SGJ-11)** |
| | § | |
| **DEBTORS** | § | **Chapter 11** |
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P. AND HIGHLAND CLO FUNDING** | § | |
| **LTD.,** | § | |
| | § | **Adversary No. 18-03078-sgj** |
| **PLAINTIFFS** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ROBIN PHELAN, CHAPTER 11** | § | |
| **TRUSTEE** | § | |
| | § | |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| **ROBIN PHELAN, CHAPTER 11** | § | |
| **TRUSTEE,** | § | |
| | § | |
| **THIRD PARTY PLAINTIFF,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HIGHLAND HCF ADVISOR, LTD. AND** | § | |
| **HIGHLAND CLO MANAGEMENT, LTD.,** | § | |
| | § | |
| **THIRD PARTY DEFENDANTS.** | § | |

## HIGHLAND CAPITAL MANAGEMENT, L.P.'S MOTION TO DISMISS COUNTERCLAIMS OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

Highland Capital Management, L.P. ("**Highland**") hereby files *Highland Capital Management, L.P.'s Motion to Dismiss Counterclaims or, Alternatively, for a More Definite Statement* (the "**Motion**").  In support of the Motion, Highland would respectfully show as follows:

### I.
### INTRODUCTION AND RELEVANT BACKGROUND

1.      Plaintiff Robin Phelan is the Chapter 11 Trustee (the "Chapter 11 Trustee") for the debtors, Acis Capital Management, L.P. ("Acis LP") and Acis Capital Management GP, LLC ("Acis GP").[1]  Acis LP is the portfolio manager for five collateralized loan obligations ("CLOs") that were formed between 2012 and 2015.[2]  Counter-defendant Highland acts as Acis LP's sub-servicer and sub-adviser in connection with the CLOs.   Counter-defendant Highland CLO Funding, Ltd. ("HCLOF") holds a controlling share of the equity-like subordinated notes issued by each CLO.[3]  By virtue of its controlling interest in the subordinated notes, HCLOF has certain rights designed to protect its investments, including the right to force a redemption of each CLO.[4]

2.      In late 2016, former Acis LP employee Joshua Terry initiated an arbitration against Acis LP, Acis GP and many other parties, including Highland, alleging breach of contract and numerous related claims, and seeking over $200 million in damages. Mr. Terry secured an arbitration award of approximately $8 million in October 2017 (the "**Award**"), but

---

[1] Solely for purposes of this Motion, the Court must accept the Trustee's allegations in his Counterclaims as true solely for the purpose of this motion. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (noting that court must accept well-pleaded factual allegations as true).
[2] Counterclaim ¶ 150.
[3] *Id.* ¶ 149.
[4] *Id.* ¶¶ 141-142.

only against Acis LP and Acis GP. In December 2017, the 44th Judicial District Court of Dallas County, Texas, confirmed the Award and entered a final judgment against Acis LP and Acis GP for this amount (the "**Final Judgment**").

3.    Pursuant to the allegations set forth by the Chapter 11 Trustee to support his Counterclaim(defined below), after the 44th District Court entered the Final Judgment, Acis LP allegedly participated in three transactions, which the Chapter 11 Trustee now claims are fraudulent transfers:

- **ALF PMA Transfer.** Acis LP purportedly transferred its rights under a portfolio management agreement between Acis LP and HCLOF's predecessor-in-interest, Acis Loan Funding, Ltd. ("ALF"), to counter-defendant Highland HCF Advisor, Ltd. ("HCF").[5] The Chapter 11 Trustee alleges that HCF provided no value to Acis for the "valuable portfolio management rights" associated with this agreement.[6]

- **ALF Share Transfer.** Acis LP purportedly allowed ALF to repurchase Acis's equity position in ALF. In a perfunctory fashion, the Chapter 11 Trustee contends that this transaction was a fraudulent one.[7]

- **Note Transfer.** Acis LP purportedly transferred a $9.5 million promissory note to counter-defendant Highland CLO Management, Ltd. ("Highland CLOM"). The Chapter 11 Trustee claims that Acis LP transferred the note in exchange for insufficient consideration.[8]

4.    On July 2, 2018, the Chapter 11 Trustee filed his Defendants' Answer, Affirmative Defenses, Counterclaims, and Third Party Claims (the "**Counterclaim**") (Doc. #23) in this adversary proceeding. The Counterclaim asserts numerous causes of action, each based on the three allegedly fraudulent transfers described above. Specifically, the Chapter 11 Trustee seeks to avoid each of the "ALF PMA Transfer," the "ALF Share Transfer," and the "Note

---

[5] *Id.* ¶¶ 152-158.
[6] *Id.*
[7] *Id.* ¶¶ 159-160.
[8] *Id.* ¶¶ 161-162.

Transfer" under both federal and state law theories.[9] *See, inter alia,* 11 U.S.C. § 548; Tex. Bus. Comm. Code § 24.001, *et seq.* The Chapter 11 Trustee also claims that the "Highland Enterprise," which by his definition is comprised of Highland, HCLOF, HCF, and Highland CLOM, all conspired to effect these allegedly fraudulent transfers.[10] Through his civil conspiracy claim, the Chapter 11 Trustee alleges that the "Highland Enterprise …sought to engage in a series of fraudulent transfers," that "two or more business entities had a meeting of the minds on the object or course of action" related to the fraudulent transfers, and that the alleged fraudulent transfers amounted to " unlawful, overt acts" in furtherance of the conspiracy.[11] The Counterclaim includes no further details concerning the object of the alleged civil conspiracy, or any specific action taken by any co-conspirator justifying relief. The Chapter 11 Trustee's claims should be dismissed as to Highland for at least two reasons:

    a. ***First,*** none of the Chapter 11 Trustee's fraudulent transfer causes of action implicate Highland in any way. According to the Counterclaim, the "ALF PMA Transfer" was between Acis and HCF; the "ALF Share Transfer" was between Acis and HCLOF; and the "Note Transfer" was between Acis and Highland CLOM. There are no allegations implicating Highland either directly or indirectly. On these allegations, Highland cannot be liable on any of the fraudulent transfer claims because it did not receive a transfer of any of the debtor's property.

    b. ***Second***, the one claim that does purport to implicate Highland—"civil conspiracy"—lacks sufficient specificity to satisfy Rule 12(b)(6). The Chapter 11

---

[9] *Id.* ¶¶ 164-208.
[10] *Id.* ¶¶ 209-214.
[11] *Id.*

Trustee's civil conspiracy claim is merely a rote recitation of the elements. It sets forth no facts to establish Highland's participation in the alleged conspiracy, that Highland and other co-conspirators had a "meeting of the minds," or that Highland participated in any "overt act" to advance the conspiracy.

5. Rather, this Counterclaim fails to state a claim against Highland, and, accordingly, the Court should dismiss the Chapter 11 Trustee's Counterclaim against Highland pursuant to Federal Rule of Civil Procedure 12(b)(6). Alternatively, Highland requests that the Court require the Chapter 11 Trustee to provide a more definite statement of his claims against Highland pursuant to Federal Rule of Civil Procedure 12(e). Highland has no means to answer the Counterclaim where such pleading is devoid of any facts that would give rise to an entitlement to relief.

## II.
## ARGUMENT

### A.    Legal Standard

6. In resolving a Rule 12(b)(6) motion, the Court must follow a two-pronged approach. First, the Court must accept all well-pleaded factual allegations as true, *see In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), but "[t]hread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor must the Court "accept as true a legal conclusion couched as a factual allegation." *Id.*; *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, assuming the veracity of well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 669.

**B.**     **To the extent applicable, the Court should dismiss Counts I-IX and XI-XIII.**

7.     None of the Trustee's fraudulent transfer causes of action asserted in Counts I-IX and XI-XIII of the Counterclaim implicate Highland in any way.     According to the Counterclaim, the "ALF PMA Transfer" was allegedly between Acis and HCF; the "ALF Share Transfer" was allegedly between Acis and HCLOF; and the "Note Transfer" was allegedly between Acis and Highland CLOM.     There are no allegations implicating Highland either directly or indirectly.     To the extent applicable, these Counts should be dismissed as to Highland.

**C.**     **The Court should dismiss the Chapter 11 Trustee's civil conspiracy claim in Count X against Highland because no facts are pled establishing Highland's (or any other parties) participation in an alleged conspiracy.**

8.     There is no action for civil conspiracy under the Bankruptcy Code; thus, this Court must look to applicable state law, which in this case, is Texas law.  *See In re Houston Reg'l Sports Network, L.P.,* 547 B.R. 717, 759 (Bankr. S.D. Tex. 2016) (citing the essential elements of civil conspiracy under Texas law*); In re Anzalduas Bus. Park, L.P.,* 494 B.R. 704, 712 (Bank. S.D. Tex. 2013) (citing the elements under Texas law of an actionable civil conspiracy); *In re Legal Econometrics, Inc.,* 169 B.R. 876, 882-83 (Bankr. N.D. Tex. 1994). Under Texas law, "An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result."  *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017).   "This inherently requires a meeting of the minds on the object or course of action." *Id.* Civil conspiracy requires "specific intent" to accomplish an unlawful purpose.  *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996).   Therefore, to satisfy Rule 12(b)(6), a civil

conspiracy claim must include facts to support when the parties agreed to pursue the conspiracy, including the "specific time, place, or person involved." *Berry v. Bryan Cave LLP*, No. 3:08-CV-2035-B, 2010 U.S. Dist. LEXIS 46572, at *23 (N.D. Tex. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007).

9.     In *Xtreme Power Plan Trust v. Schindler, et al. (In re Xtreme Power Inc.),* 563 B.R. 614 (Bank. W.D. Tex. 2016), the bankruptcy court in the Western District of Texas recently considered whether a plaintiff's civil conspiracy claim under Delaware law[12] included sufficient factual allegations to withstand a motion to dismiss. *Id.* at 647. In support of its conspiracy claim, the plaintiff alleged that the defendants "engaged in a confederation or combination of two or more persons; performed at least one unlawful act in furtherance of the conspiracy; acted pursuant to a common scheme; and caused actual damage to [the plaintiff.]" *Id.* at 648. The defendants moved to dismiss for failure to state a claim. *Id.* The court granted the defendants' motion, noting that the complaint lacked "any facts actually pled in support" of the conspiracy claim, and that "the [plaintiff] merely recited the elements of the claim and asked the court to infer from said elements an actionable conspiracy." *Id.*

10.     The Chapter 11 Trustee's civil conspiracy claim is basically identical to the pleading the bankruptcy court considered in the *Xtreme Power Plan Trust* case. The allegations supporting the Chapter 11 Trustee's civil conspiracy claim are nothing more than a rote recitation of the elements. The Chapter 11 Trustee asserts that the "Highland Enterprise . . . had a meeting of the minds on the object or course of action" related to the fraudulent transfers, that its actions "constitute one or more unlawful, overt acts," and that Acis suffered damages as a

---

[12] As recited by the Court in the *Xtreme Power* case, Delaware law has even fewer elements that must be established than Texas law. *See id.* at 646 (stating that Delaware law defines civil conspiracy as (1) a confederation of two or more persons; (2) who engage in an unlawful act done in furtherance of a conspiracy; (3) that causes actual damages to a plaintiff).

result. The Counterclaim lacks "any facts actually pled" to support the Chapter 11 Trustee's conspiracy claim. Nor does it establish when the alleged co-conspirators formed the conspiracy, what the object of the conspiracy was, or how Highland participated in it. The Chapter 11 Trustee's "thread-bare recital of the elements . . . do[es] not suffice," and, accordingly, the Court should dismiss the Chapter 11 Trustee's conspiracy counterclaim pursuant to Rule 12(b)(6).

**D.      Alternatively, the Court should order the Chapter 11 Trustee to provide a more definite statement of its claims.**

11.      The Chapter 11 Trustee's Counterclaim fails to state a claim for relief as to Highland because it omits sufficient facts that would give rise to an entitlement to relief. *See Fed. R. Civ. P. 8(a)(2) (applicable pursuant to Fed. R. Bankr. Pro. 7008).* A motion for a more definite statement is proper when, as here, a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. *See Fed. R. Civ. P. 12(e) (applicable pursuant to Fed. R. Bankr. Pro. 7012(b)).* As explained above, the Chapter 11 Trustee names Highland as a counter-defendant yet fails to provide any facts showing how, if at all, the Chapter 11 Trustee believes Highland to be liable on any of the Trustee's claims, including his claim for civil conspiracy. Because the Chapter 11 Trustee has not pleaded enough facts to allow Highland to effectively respond, the Court should require the Chapter 11 Trustee to amend his Counterclaim with a more definite statement of claims as to Highland.

## III.
## CONCLUSION

For the foregoing reasons, Highland respectfully asks the Court to dismiss the Chapter 11 Trustee's Counterclaim against Highland, and for all such other relief to which it may be entitled.

DATED: July 23, 2018                    Respectfully submitted,


                                        */s/ Holland N. O'Neil*
                                        Holland N. O'Neil
                                        State Bar No. 14864700
                                        honeil@foley.com
                                        Jason B. Binford
                                        State Bar No. 24045499
                                        jbinford@foley.com
                                        Melinda N. Bales
                                        State Bar No. 24106851
                                        mbales@foley.com
                                        **FOLEY GARDERE**
                                        **FOLEY & LARDNER, LLP**
                                        2021 McKinney Avenue, Suite 1600
                                        Dallas, Texas 75201
                                        Telephone: (214) 999-3000
                                        Facsimile: (214) 999-4667

                                        [and]

                                        Michael K. Hurst
                                        Texas Bar No. 10316310
                                        mhurst@lynnllp.com
                                        Ben A. Barnes
                                        Texas Bar No. 24092085
                                        bbarnes@lynnllp.com
                                        Patrick B. Disbennett
                                        Texas Bar No. 24094629
                                        pdisbennett@lynnllp.com
                                        **LYNN PINKER COX & HURST, L.L.P.**
                                        2100 Ross Avenue, Suite 2700
                                        Dallas, Texas 75201
                                        Telephone: (214) 981-3800
                                        Facsimile: (214) 981-3839


                                        *ATTORNEYS FOR HIGHLAND CAPITAL*
                                        *MANAGEMENT, L.P.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via **_ECF_** on July 23, 2018 to all parties of record.

*/s/ Ben A. Barnes*
Ben A. Barnes