Mark M. Maloney (GA 468104) (admitted *pro hac vice*)
W. Austin Jowers (GA 405482) (admitted *pro hac vice*)
Paul R. Bessette (TX 02263050)
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
mmaloney@kslaw.com

**COUNSEL FOR HIGHLAND CLO FUNDING LTD.**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>ACIS CAPITAL MANAGEMENT, L.P., ACIS CAPITAL MANAGEMENT GP, LLC,<br><br>DEBTORS | § § § § § § § § § | Case No. 18-30264-SGJ-11<br>Case No. 18-30265-SGJ-11<br><br>(Jointly Administered Under Case   No. 18-30264-SGJ-11)<br><br>Chapter 11 |
| HIGHLAND CAPITAL MANAGEMENT, L.P. AND HIGHLAND CLO FUNDING LTD.,<br><br>PLAINTIFFS<br><br>v.<br><br>ROBIN PHELAN, CHAPTER 11 TRUSTEE<br><br>DEFENDANT<br><br>ROBIN PHELAN, CHAPTER 11 TRUSTEE,<br><br>THIRD PARTY PLAINTIFF,<br><br>v.<br><br>HIGHLAND HCF ADVISOR, LTD. AND HIGHLAND CLO MANAGEMENT, LTD.<br><br>THIRD PARTY DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § § § § § | **Adversary No. 18-03078-sgj** |

# HIGHLAND CLO FUNDING, LTD.'S
# <u>BRIEF IN SUPPORT OF ITS MOTION TO DISMISS</u>

DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

Highland CLO Funding, Ltd. ("**HCLOF**") hereby moves to dismiss the Counterclaims raised in Defendants' Answer, Affirmative Defenses, Counterclaims, and Third Party Claims. [ECF No. 23]. The allegations in the Counterclaims are presumed true for the purposes of this motion.[1]

This Court lacks personal jurisdiction over HCLOF for purposes of litigating the Trustee's Counterclaims, which warrants their dismissal. In the alternative, even if this Court has jurisdiction over HCLOF, several claims should be dismissed for separate reasons. First, the Trustee has not pleaded that HCLOF played any role in the note transfer. Second, the Trustee has not pleaded adequately his claim of civil conspiracy. Third, several of the Trustee's counts do not state a claim for relief at all.

## ARGUMENT

### I. The Court Lacks Personal Jurisdiction Over HCLOF With Respect to the Trustee's Counterclaims.

The Trustee "ha[s] the initial burden to plead and prove the requisite contacts with the United States" to support the exercise of personal jurisdiction over HCLOF. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018). The Trustee has failed to allege, even conclusorily, that this Court has personal jurisdiction over HCLOF — or any of the other parties against whom he asserts counterclaims. *Cf.* Countercl. ¶¶ 135–39. For this reason alone, the Counterclaims should be dismissed.

HCLOF is not subject to the general personal jurisdiction of this Court. "To establish general jurisdiction, a nonresident defendants' contacts with the forum state 'must be substantial;

---

[1] HCLOF has moved to withdraw the reference for this adversary case and does not consent to the entry of final orders by the bankruptcy court.

random, fortuitous, or attenuated contacts are not sufficient.' " *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 616 (N.D. Tex. 2014) (quoting *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 368 (5th Cir. 2010)). HCLOF is a Guernsey company with its principal place of business in Guernsey. Its two independent directors reside and transact substantially all of HCLOF's business from Guernsey. Countercl. ¶ 132. The Trustee has pleaded no facts to suggest that HCLOF has "substantial" contacts with the Texas, or even with the United States.

The Trustee has alleged no facts to support finding specific personal jurisdiction over HCLOF related to the Counterclaims. "Courts may exercise specific jurisdiction if a nonresident defendant 'purposefully avails himself of the privileges of conducting activities in the forum state' and 'the controversy arises out of or is related to the defendant's contacts with the forum state.' " *Innova Hosp.*, 995 F. Supp. 2d at 618 (quoting *Choice Healthcare*, 615 F.3d at 369)); *see also Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004) ("[The Fifth Circuit] has repeatedly held that the combination of mailing payments to the forum state, engaging in communications related to the execution and performance of the contract, and the existence of a contract between the nonresident defendant and a resident of the forum are insufficient to establish the minimum contacts necessary to support the exercise of specific personal jurisdiction over the nonresident defendant." (collecting cases)). The Trustee has alleged no contacts with the United States from which the Counterclaims arise or relate to. For these reasons, the Counterclaims should be dismissed as to HCLOF.

DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS

**II.     If Jurisdiction Is Found, Then Counts III and VII Should Be Dismissed Because HCLOF Was Not Involved in the Note Transfer.**

Counts III and VII allege that a note was fraudulently transferred from Acis Capital Management, LP ("**Acis LP**") to Highland CLO Management Ltd. ("**HCLOM**") (the "**Note Transfer**"). Countercl. ¶¶ 182–86, 201–04; *see also id.* ¶¶ 161–62 (factual allegations related to the Note Transfer). The Trustee fails to allege that HCLOF had any role, direct or indirect, in the Note Transfer, a transaction between Acis LP and HCLOM. Therefore, the Trustee has failed to state a claim against HCLOF based on the Note Transfer. Counts III and VII should be dismissed as to HCLOF.

**III.    If Jurisdiction Is Found, Then Count X Should Be Dismissed Because the Trustee Has Failed to Plead Adequately a Civil Conspiracy.**

As explained in the brief in support of a motion to dismiss filed by Highland Capital Management, LP ("**Highland**") [ECF No. 42], Texas law requires more than a recitation of the elements of civil conspiracy. HCLOF hereby incorporates by reference Section C of Highland's brief, which apply with equal force to the allegations against HCLOF. For the reasons therein, the Trustee has failed to state a claim for civil conspiracy and Count X should be dismissed.

**IV.    If Jurisdiction Is Found, Then Many of the Remaining Claims Should Be Dismissed.**

Many of the remaining "Counts" do not provide any notice of the Trustee's theory of liability, or do not purport to state a claim. First, Counts IV, VIII, and IX do nothing more than request relief under various statutes. The Trustee does not explain why he believes he is entitled to relief under these statutes. That is insufficient to give notice and mandates dismissal of these claims. *See* FED. R. CIV. P. 8 (a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("a

3

plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions" (citation omitted)).

Second, Count XI ("Conditions Precedent") does not request relief or state a legal theory upon which relief can be granted. Instead, it appears to be a misplaced factual allegation.[2]

Finally, with respect to Counts XII and XIII, the Trustee is not entitled to attorneys' fees with respect to any claim that is dismissed.

## **CONCLUSION**

For all of these reason, the Counterclaims should be dismissed.

---

[2] Similarly, Count XIII is not a separate claim, but instead appears to be the prayer for relief. To the extent Count XIII states a separate claim, it should be dismissed for failure to meet the minimal pleading requirements of FED. R. CIV. P. 8(a).

Dated: July 23, 2018

        Respectfully submitted,

        **KING & SPALDING LLP**

        /s/ Mark M. Maloney
        Mark M. Maloney
        Georgia Bar No. 468104 (admitted *pro hac vice*)
        W. Austin Jowers
        Georgia Bar No. 405482 (admitted *pro hac vice*)
        1180 Peachtree Street NE
        Atlanta, GA 30309
        Tel: 404-572-4600
        Fax: 404-572-5100
        mmaloney@kslaw.com
        ajowers@kslaw.com

        Paul R. Bessette
        Texas Bar No. 02263050
        500 West 2nd St., Suite 1800
        Austin, TX 78701-4684
        (512) 457-2000 (phone)
        (512) 457-2100 (fax)
        pbessette@kslaw.com

        *Counsel for Highland CLO Funding, Ltd.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served electronically by the Court's ECF system on July 23, 2018.

        /s/ Paul R. Bessette
        Paul R. Bessette

DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS