Rakhee V. Patel – State Bar No. 00797213
Phillip Lamberson – State Bar No. 00794134
Joe Wielebinski – State Bar No. 21432400
Annmarie Chiarello – State Bar No. 24097496
**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
Telephone: (214) 745-5400
Facsimile: (214) 745-5390
rpatel@winstead.com
plamberson@winstead.com
jwielebinski@winstead.com
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11 TRUSTEE**

Jeff P. Prostok – State Bar No. 16352500
J. Robert Forshey – State Bar No. 07264200
Suzanne K. Rosen – State Bar No. 00798518
Matthias Kleinsasser – State Bar No. 24071357
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile: (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

**COUNSEL FOR
THE CHAPTER 11 TRUSTEE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| **ACIS CAPITAL MANAGEMENT, L.P.,** | § | |
| **ACIS CAPITAL MANAGEMENT GP,** | § | **(Jointly Administered Under Case** |
| **LLC,** | § | **No. 18-30264-SGJ-11)** |
| | § | |
| Debtors. | § | **Chapter 11** |
| | § | |

| | | |
|---|---|---|
| | § | |
| **HIGHLAND CAPITAL MANAGEMENT,** | § | |
| **L.P. and** | § | |
| | § | |
| **HIGHLAND CLO FUNDING, LTD.,** | § | |
| | § | **Adversary No. 18-03078-SGJ** |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| **ROBIN PHELAN, CHAPTER 11** | § | |
| **TRUSTEE,** | § | |
| | § | |
| Defendant. | § | |

## TRUSTEE'S RESPONSE IN OPPOSITION TO HIGHLAND CLO
## FUNDING, LTD.'S MOTION TO DISMISS

Robin Phelan (the "Trustee"), the Chapter 11 Trustee of Acis Capital Management, L.P.

("Acis LP") and Acis Capital Management GP, LLC ("Acis GP," together with Acis LP, the

"Debtors" or "Acis"), the Debtors in the above-styled and numbered bankruptcy cases (the

"Bankruptcy Cases"), files this *Response* (the "Response") to Counter-Defendant Highland CLO Funding, Ltd.'s ("Highland CLO Funding or "Counter-Defendant") *Motion to Dismiss* [Docket Nos. 43 & 44] (the "Motion to Dismiss"), and in support thereof, respectfully shows the Court:

## I.     INTRODUCTION[1]

1.     Highland CLO Funding seeks to dismiss the Trustee's Answer and Counterclaims on the basis that this Court does not have personal jurisdiction over Highland CLO Funding, ***the Plaintiff in this case***.  Highland CLO Funding consented to this Court's jurisdiction upon the filing of the Complaint, thereby initiating this adversary proceeding.  As Highland CLO Funding has availed itself of this Court, it cannot now claim this Court does not have jurisdiction over it. Additionally, Highland CLO Funding has asserted that the Trustee has not adequately pled claims for actual and fraudulent transfer pursuant to Section 548 of the Bankruptcy Code[2] and the Texas Uniform Fraudulent Transfer Act ("TUFTA"), fraudulent transfer liability pursuant to Section 550 of the Bankruptcy Code, and claim for civil conspiracy for failure to state a claim for relief as to Highland CLO Funding, specifically.  Highland CLO Funding's Motion to Dismiss is without merit and should be denied. In general, motions to dismiss are disfavored and are only granted *on rare occasions*.  This is not such an occasion for all the reasons outlined below.

## II.     RELEVANT FACTUAL BACKGROUND

2.     On May 30, 2018, Highland Capital Management, L.P. ("Highland") and Highland CLO Funding, initiated this adversary proceeding alleging breach of contract and seeking declaratory relief against the Trustee.  In response, the Trustee filed his Answer and Counterclaims and also asserted counterclaims against Highland and Highland CLO Funding and other third-party defendants (collectively, with Highland and Highland CLO Funding, the

---

[1] All capitalized term(s) not defined herein have the meaning(s) ascribed to such term(s) by the Defendant's Answer, Affirmative Defenses, Counterclaims, and Third Party Claims [Docket No. 23] (the "Answer and Counterclaims").
[2] 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

"Counter-Defendants").  For the sake of brevity, the Trustee incorporates herein by reference paragraphs 130 to 162 of his Answer and Counterclaims.

3.      On July 23, 2018, Highland CLO Funding filed the Motion to Dismiss.

4.      Highland CLO Funding, as the party moving for dismissal here, must overcome a high burden to demonstrate that the plaintiff has failed to provide defendant with fair notice of plaintiff's claim.  Highland CLO Funding fails to meet this burden, and Highland CLO Funding's Motion to Dismiss should be denied.  In the alternative, should the Court determine that the Trustee has failed to sufficiently assert the Fraudulent Transfer Claims and claim for civil conspiracy (and the Trustee's statements for relief for attorney's fees and that all conditions precedent have occurred) against Highland CLO Funding, the Trustee should be granted leave to amend his Answer and Counterclaims.

## III.      ARGUMENT AND AUTHORITIES

### A.      Personal Jurisdiction

5.      In order for personal jurisdiction to satisfy due process requirements, a plaintiff must show that:  (1) a defendant purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state, and (2) the exercise of personal jurisdiction over that defendant will not offend traditional notions of fair play and substantial justice.[3]  A court has specific jurisdiction when a plaintiff's cause of action arises from or is directly related to the defendant's contact with the forum state.[4]  Hence, if the defendant commits at least one act in the forum state and if that act is substantially related to the

---

[3] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).
[4] *J. McIntyre Mach.Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011).

suit, then personal jurisdiction exists.[5] Notably, random, fortuitous, or attenuate contacts are not sufficient to establish jurisdiction.[6]

6.     Highland CLO Funding, the ***plaintiff*** and Counter-Defendant in this adversary proceeding, moves to dismiss the Trustee's Answer and Counterclaims for lack of personal jurisdiction. To allow the dismissal of a party in a suit (or adversary proceeding) initiated by the same party is inconceivable and offends the traditional notions of fair play and substantial justice. Highland CLO Funding's voluntary decision to file the Complaint in this Court was not a random act, but rather a voluntary and affirmative act by Highland CLO Funding to avail itself to the jurisdiction of this Court.[7] Thus, by submitting itself to the jurisdiction of this Court in order to seek relief on its own affirmative claims, Highland CLO Funding submits itself to this court "for all purposes," including the Trustee's Answer and Counterclaims.[8] Highland CLO Funding's motion to dismiss for lack of personal jurisdiction is baseless and should be denied.

**B.     Motion To Dismiss—Legal Standard**

7.     Motions to dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure (the "Rules"), as incorporated by the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), are disfavored and are granted only in *rare circumstances*.[9] This is because under Rule 8(a), incorporated by Bankruptcy Rule 7008, a pleading needs to only contain "a short and

---

[5] *See Moncrief Oil Int'l v. OAO Gazprom*, 481 F.3d 309, 311-12 (5th Cir. 2007).
[6] *Id.*
[7] *See Adam v. Saenger*, 303 U.S. 59, 67 (1938) ("The plaintiff having, by his voluntary act in demanding justice from defendant, submitted himself to the jurisdiction of the court, there is nothing arbitrary or unreasonable in treating him as being there for all purposes for which justice to the defendant requires his presence."); *Casares v. Agri-Placements Int'l, Inc.,* 12 F. Supp. 3d 956, 967 (S.D. Tex. 2014) (finding the filing of a motion for summary judgment sufficient to establish personal jurisdiction over the moving party); *Star Brite Distributing, Inc. v. Gavin*, 746 F. Supp. 633, 636 (N.D. Miss. 1990) (finding that plaintiff had no basis to object to the court's exercise of jurisdiction over plaintiff in deciding the counterclaim when plaintiff failed to object to the court's jurisdiction after plaintiff's suit which originated in Florida was properly transferred to the Northern District of Mississippi).
[8] *Casares,* 12 F. Supp. 3d at 649.
[9] *See Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

plain statement of the claim showing that the pleader is entitled to relief."[10] Therefore, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[11] Furthermore, the law is clear that when considering a motion to dismiss, the court must accept as true all well-pleaded facts and view those facts in the light most favorable to the plaintiff.[12] Therefore, determining whether a complaint states a plausible claim for relief is a context-specific task which requires the reviewing court to draw on its judicial experience and common sense.[13] Importantly, in considering a motion to dismiss, the issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims.[14] It is the moving party's, here Highland CLO Funding's, burden to show that dismissal is proper.[15]

## C.     The Trustee Sufficiently Pleads Fraudulent Transfer Claims Pursuant To 11 U.S.C. § 548 And TUFTA- Violations of 11 U.S.C. § 548 and Right to Relief

8.     Highland CLO Funding asserts in the Motion to Dismiss that the Trustee's Fraudulent Transfer Claims should be dismissed because such claims do no implicate Highland CLO Funding in any way, either directly or indirectly. However, as shown below, the Trustee has sufficiently pled causes of action against Highland CLO Funding for Fraudulent Transfer.

### 1)    Actual Fraudulent Transfer Under 11 U.S.C. § 548 and TUFTA

9.     Pursuant to 11 U.S.C. § 548, a trustee is authorized to recover transfers made within two years of the filing of a bankruptcy petition if the debtor "made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the

---

[10] FED. R. CIV. P. 8(a).
[11] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *See Iqbal*, 556 U.S. at 678; *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[13] *Iqbal*, 556 U.S. at 679.
[14] *See Johnson v. Dallas Indep. Sch. Dist.*, 38 F. 3d 198 (5th Cir. 1994).
[15] *Servicios Azucareros De Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (as the burden under Rule 12(b)(6) is on the moving party, "Rule 12 does not by its terms require an opposition; failure to oppose a 12(b)(6) motion is not in itself grounds for granting the motion").

debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted."[16]  Section 548(a)(1)(A) is referred to as an "actual fraudulent transfer" and Section 548(a)(1)(B) is referred to as a "constructive fraudulent transfer".[17]

10.     To determine whether there has been actual fraud, courts consider the following "badges of fraud":  (1) lack or inadequacy of consideration; (2) the family, friendship or close associate relationship between the parties; (3) the retention of possession, benefit or use of the property in question; (4) the financial condition of the party sought to be charged both before and after the transaction in question; (5) the existence or cumulative effect of the pattern or series of transactions or course of conduct after the incurring of debt, onset of financial difficulties, or pendency or threat of suits by creditors; and (6) the general chronology of events and transactions under inquiry.[18]  "Actual intent … [also] may be established by circumstantial evidence or by inferences drawn from a course of conduct."[19]  Additionally, transfers to affiliates have the presumption of actual fraudulent intent.[20]

11.     Similarly, Section 24.005(a)(1) of TUFTA permits the recovery of actual fraudulent transfers and involves analysis of the factors below in determining whether actual intent to defraud creditors occurred.[21]  The TUFTA factors include the badges of fraud used to assess actual fraudulent transfers under 11 U.S.C. § 548, as well as whether: (1) the transfer/obligation was concealed; (2) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (3) the transfer was substantially all the debtor's

---

[16] 11 U.S.C. § 548(a)(1)(A).

[17] *O'Cheskey v. Herring Nat'l Bank (In re Am. Hous. Found.),* 520 B.R. 208, 223 (Bankr. N.D. Tex. 2014) ("11 U.S.C. § 548(a)(1)(A) (actual fraud) and (a)(1)(B) (constructive fraud)").

[18] *See Wiggains v. Reed (In re Wiggains),* Nos. 13-33757-SGJ-7, 14-03064-SGJ, 2015 Bankr. LEXIS 1460, 68-69 (Bankr. N.D. Tex. April 27, 2015) (citing *In re Chastant,* 873 F.2d 89, 91 (5th Cir. 1989)).

[19] *FDIC v. Sullivan (In re Sullivan),* 204 B.R. 919, 940 (Bankr. N.D. Tex. 1995) (citing *In re Chastant,* 873 F.2d 89, 91 (5th Cir. 1989)).

[20] *Id.* at 941. (finding a presumption of fraudulent intent when transfers are made to affiliates).

[21] TEX. BUS. & COM. CODE §§ 24.005(a)(1) and 24.005(b).

assets; (4) the debtor absconded; (5) the debtor removed or concealed assets; (6) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; and (7)  the transfer occurred shortly before or after a substantial debt was incurred. [22]

12.    Here, the Trustee seeks to avoid transfers made within *less than* two years of the petition for bankruptcy.  Highland CLO Funding seeks dismissal of the Trustee's claim as to actual fraudulent transfer against Highland CLO Funding for the Note Transfer which occurred on November 3, 2017, less than a month after the judgment award.  As alleged in paragraph 161, the Note Transfer involved the assignment and transfer of a $9.5 million promissory note by Highland in favor of Acis LP from Acis LP to Highland CLOM.  Acis LP in exchange received insufficient or no consideration for the Note Transfer.  There is no doubt whatsoever that the transferring of the note was between insiders, specifically within the Highland Enterprise. Highland CLO Funding is a part of the Highland Enterprise.  Indeed, just two days prior to the Note Transfer, Highland CLO Funding repurchased its own shares from Acis LP pursuant to the Note Transfer.  Accordingly, the Trustee has properly pleaded all of the necessary elements for actual fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(A) and is accordingly entitled to relief pursuant to 11 U.S.C. § 550. [23]  Furthermore, the Trustee also sufficiently pleaded causes of action for actual fraudulent transfer pursuant to Tex. Bus. & Com. Code § 24.005 and 24.006 and is entitled to relief pursuant to Tex. Bus. & Com. Code § 24.008.

2)    Constructive Fraudulent Transfer Under 11 U.S.C. § 548 and TUFTA

13.    Under 11 U.S.C. § 528(a)(1)(B), a trustee may avoid a transfer that was made within two years before the date the bankruptcy petition was filed if the debtor "received less

---

[22] *Id.*
[23] 11 U.S.C. § 550(a).

than a reasonably equivalent value in exchange for such transfer or obligation" and either "was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the debtor was an unreasonably small capital; intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business." [24] Section 24.005(a)(2) of the Texas Business and Commerce Code provides a similar right to recovery for constructive fraudulent transfers.

14. Here, there is no doubt that the transfers were made within two years of the date the bankruptcy petition was filed. As alleged above (and in the Trustee's Answer and Counterclaims), the Debtors are under the control of Highland who orchestrated the insider transfers within the Highland Enterprise, [25] which Highland CLO Funding is a part of, depriving the Debtors of its assets for little to no consideration, immediately following the Debtors' incurring of a nearly $8 million debt obligation to judgment creditor Mr. Terry, who filed the involuntary petitions that placed the Debtors into bankruptcy. As stated above, the Trustee adequately pleads a claim for constructive fraudulent transfer under 11 U.S.C. § 548 and TUFTA in relation to the Note Transfer as to Highland CLO Funding. [26]

---

[24] 11 U.S.C. § 548(a)(1)(B); *In re Inspirations Imports, Inc.*, 2014 U.S. Dist. LEXIS 46276, at *2 (N.D. Tex. Apr. 3, 2014) (citing *In re GWI PCS 1 Inc.*, 230 F.3d 788, 805 (5th Cir. 2000)).

[25] *See Martinez v. Hutton (In re Harwell)*, 628 F.3d 1312, 1316 (11th Cir. 2010)(reversing and remanding a motion to dismiss granted by a bankruptcy court, where the central issue was 'Are there theories in which a Chapter 7 Trustee [Martinez] can go after the lawyer for personal liability where the lawyer is the mastermind and facilitator of the fraudulent conveyances'?").

[26] *See In re 1701 Commerce, LLC*, 511 B.R. 812, 822 (Bankr. N.D. Tex. 2014); *see also Guffy v. Brown (In re Brown Medical Center, Inc.)*, 552 B.R. 165, 170 (S.D. Tex. 2016).

**D.      The Trustee Sufficiently Pleads A Claim For Civil Conspiracy**

15.      Civil conspiracy involves two or more entities working together to orchestrate an unlawful act that damages one or more separate parties.[27] An action for civil conspiracy has five elements: (1) a combination of two or more persons; (2) the persons seek to accomplish an object or course of action; (3) the persons reach a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts are taken in pursuance of the object or course of action; and (5) damages occur as a proximate result.[28] Highland CLO Funding seeks to dismiss the Trustee's claim for civil conspiracy against it alleging that the Trustee's allegations supporting his claim are "nothing more than rote recitation of the elements." Nothing could be further from the truth.

16.      The fraudulent transfers of Debtors' assets are a result of a concerted effort between the Debtors and the Highland Enterprise to defraud creditors. As alleged in paragraph 149 of the Answer and Counterclaim, Highland CLO Funding is the holder of subordinate notes issued by the Acis CLOs, of which Acis LP was the portfolio manager until the ALF PMA Transfer. On October 27, 2017, Acis executed a certain Portfolio Management Agreement, thereby transferring its authority and management rights as portfolio manager of ALF (now Highland CLO Funding) to Highland HCF.[29] Just three days prior to the ALF PMA Transfer, on October 24, 2017, a special resolution was entered whereby Highland CLO Funding repurchased its own shares from Acis LP at the direction of Highland employees <u>and</u>

---

[27] *Lexxus Int'l., Inc. v. Loghry*, 512 F. Supp. 2d 647, 670 (N.D. Tex. 2007); *Turoff v. Deason (In re: Precept Bus. Servs., Inc.*, 2003 Bankr. LEXIS 1141, at \*10-11 (Bankr. N.D. Tex. Sept. 5, 2003); *see also Civelli v. J.P. Morgan Chase Sec., LLC*, No. H-17-3739, 2018 U.S. Dist. LEXIS 106074, at \*9 (S.D. Tex. June 26, 2018).
[28] *GPR Holdings, LLC v. Duke Energy Trading and Mktg. LLC, (In re GPR Holdings, LLC)*, 318 B.R. 384, 391 (Bankr. N.D. Tex. 2004); *Loghry*, 512 F. Supp. 2d at 670; *see also Airport Boulevard Apartments, Ltd. v. NE 40 Partners, Ltd. (In re NE 40 Partners, LTD.)*, 411 B.R. 352, 365 (Bankr. S.D. Tex. 2009).
[29] Answer and Counterclaims at ¶¶ 152-158.

representatives of Acis LP—Frank Waterhouse and Grant Scott (for CLO Holdco, Ltd.).[30]

Finally, on November 3, 2017, Highland, as the puppet master, orchestrated the transfer of a $9.5 million promissory note by Highland in favor of Acis LP from Acis LP to Highland CLO Management Ltd., an affiliate of Highland. Notably, Mr. Dondero, the Chief Executive Officer of Highland signed the note on behalf of Highland **and** Acis LP.[31] Taking all factual allegations in the Trustee's Answer and Counterclaims as true, Highland CLO Funding's request for dismissal of the Trustee's claim for civil conspiracy against it must be denied.[32] The Trustee has provided more than sufficient factual allegations to give Highland CLO Funding fair notice of its claims. The recitation of facts is clear and concise, supports a claim for civil conspiracy, and is not a "mere recitation of the elements" as Highland alleges.

### E.    Attorney's Fees and Conditions Precedent

17.    In true "throwing in everything but the kitchen sink" fashion, Highland CLO Funding also moves to dismiss the Trustee's pleadings and allegations as to the recovery of attorney's fees and that all condition precedents have occurred or have been performed. Notably, Highland CLO Funding cites no case law that would support the dismissal of these standard and necessary elements to a pleading. Indeed, because attorney's fees are considered special damages, a request for attorney's fees generally must be specifically pleaded, although failure to do so will not necessarily preclude a party's ability to recover, so long as the opposing party is on notice that attorney's fees are being sought.[33] Furthermore, as discussed above, the provisions of TUFTA explicitly afford a prevailing claimant the right to recover the claimant's reasonable and

---

[30] Answer and Counterclaims at ¶¶ 159-160.
[31] Answer and Counterclaims at ¶¶ 161-162.
[32] *See Iqbal, 556 U.S. at 678; see also Loghry*, 512 F. Supp. 2d at 670; *Campbell,* 43 F.3d at 975; *Civelli,* 2018 U.S. Dist. LEXIS 106074, at *9.
[33] *Weisbrod Matteis & Copley, PLLC v. Manley Toys, Ltd.*, 2015 U.S. Dist. LEXIS 162084, at *10-11 (N.D. Tex. Dec. 3, 2015) (citing cases); *see also Gjergjani v. Ware*, No.4:14-cv-00448-ALM, 2016 U.S. Dist. LEXIS 116461, at *22 (E.D. Tex. Aug. 8, 2016) (citing *Crosby v. Old Republic Ins. Co.*, 978 F.2d 210, 211 (5th Cir. 1992)); *see also* FED. R. CIV. P. 9(g).

necessary attorney's fees. [34] Given the fact that the Trustee has adequately pled claims for relief pursuant to TUFTA, as discussed above, dismissal of the Trustee's request for attorney's fees is inappropriate. As to the statement of conditions precedent, it suffices for a plaintiff to allege generally that all conditions precedent have occurred or been performed. There is no requirement for the plaintiff to demonstrate such specifically. [35] Thus, the Trustee adequately meets the requirements. Accordingly, Counter-Defendant's unreasonable request seeking dismissal of the Trustee's request for attorney's fees and statement that all condition precedents have occurred, should without a doubt, be denied.

## F. The Trustee Has Provided Fair Notice; Alternatively, The Trustee Should Be Allowed to Amend

18. As discussed above, the Answer and Counterclaims more than adequately provide Highland CLO Funding with fair notice of his claims and alleges sufficient facts to show a plausible claim for relief. [36] However, in the event that this Court is inclined to grant the Motion to Dismiss in any respect on any of the Trustee's counterclaims, the Trustee respectfully requests that he be granted leave to amend his Answer and Counterclaims to further set forth the basis of his claims with greater particularity. [37] As stated by Rule 15(a)(2), leave to amend should be freely given, especially when it is found that the plaintiff has failed to state a claim. [38] In general, there is a strong presumption in favor of allowing amendment. [39] Here, where the Complaint has been on file for less than two (2) months and where the Trustee's Answer and Counterclaims was filed barely one (1) month ago, no delay or prejudice would result from granting leave to

---

[34] TEX. BUS. & COM. CODE § 24.013.

[35] FED. R. CIV. P. 9(c). Notably, while it suffices for a plaintiff to allege generally that all conditions precedent have occurred or been performed, a defendant denying such must do so with particularity.

[36] *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[37] *See* FED. R. CIV. P. 15(a)(2).

[38] *See Kennard v. Indianapolis Life Ins. Co.,* 420 F. Supp. 2d 601, 608-09 (N.D. Tex. 2006).

[39] *See Financial Acquisition Partners, L.P. v.* Blackwell, 440 F.3d 278, 291 (5th Cir. 2006); *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 329 (5th Cir. 2002).

amend.[40]   Therefore, should the Court find that the Trustee has failed to state a claim, granting the Trustee leave to amend his Answer and Counterclaims is appropriate.

## IV.    CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court:  (i) deny the Motion to Dismiss; and (ii) grant such other and further relief as the Court deems just and proper.

**DATED:  August 13, 2018.**

Respectfully submitted,

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 (Phone)
(214) 745-5390 (Facsimile)

By: */s/ Rakhee V. Patel*
Rakhee V. Patel
State Bar No. 00797213
rpatel@winstead.com
Phillip Lamberson
State Bar No. 00794134
plamberson@winstead.com
Joe Wielebinski
State Bar No. 21432400
jwielebinski@winstead.com
Annmarie Chiarello
State Bar No. 24097496
achiarello@winstead.com

**SPECIAL COUNSEL FOR
ROBIN PHELAN, CHAPTER 11
TRUSTEE**

-and-

Jeff P. Prostok
State Bar No. 16352500
J. Robert Forshey
State Bar No. 07264200

---

[40] *See In re Southmark Corp.*, 88 F3d 311, 315-16 (5th Cir. 1996).

Suzanne K. Rosen
State Bar No. 00798518
Matthias Kleinsasser
State Bar No. 24071357
**FORSHEY & PROSTOK LLP**
777 Main St., Suite 1290
Ft. Worth, Texas 76102
Telephone: (817) 877-8855
Facsimile:  (817) 877-4151
jprostok@forsheyprostok.com
bforshey@forsheyprostok.com
srosen@forsheyprostok.com
mkleinsasser@forsheyprostok.com

**COUNSEL FOR
THE CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2018, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.


*/s/ Annmarie Chiarello*
One of Counsel