IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE ACIS CAPITAL MANAGEMENT, L.P., et al., | § § § | |
| Debtors. | § § | Civil Action No. 3:18-CV-1817-D |
| HIGHLAND CAPITAL MANAGEMENT, L.P., et al., | § § § § | (Bank. Ct. Nos. 18-30264-SGJ-11 and 18-30265-SGJ-11; Adv. Nos. 18-03078-SGJ and 18-03212-SGJ) |
| Plaintiffs-Appellants, | § § | |
| VS. | § § | |
| ROBIN PHELAN, CHAPTER 11 TRUSTEE, | § § § | |
| Defendant-Appellee. | § | |

APPEAL FROM THE
UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

**ORDER**

The July 13, 2018 motion of appellants Highland CLO Funding, Ltd. and Highland Capital Management, LP for leave to appeal is denied. If appellants are entitled to appeal as of right, their motion is unnecessary. If they are not, the court declines in its discretion to grant leave to appeal.

If an appellee intends to challenge this court's jurisdiction in the instant appeal under 28 U.S.C. § 158(a)(1), the appellee must do so by motion under Fed. R. Bankr. P. 8013(a) or as a separate section of the appellee's brief under Rule 8014(b). If a motion to dismiss the appeal is filed, the court will likely carry it with the appeal on the merits. *See, e.g., Dodson v. Hillcrest Sec. Corp.*, 95 F.3d 52, 1996 WL 459772, at *2 n.4 (5th Cir. July 24, 1996) (unpublished opinion) ("In November 1992, this Court ordered that the motion to dismiss be carried with the appeal on the merits.").

The July 26, 2018 emergency motion of appellants Highland CLO Funding, Ltd. and Highland Capital Management, LP to consolidate appeals and expedite briefing is denied. Given the number of appeals pending in this bankruptcy case, consolidating fewer than all of them at this juncture is not warranted.

The court denies expedited briefing for two principal reasons: first, the court is not persuaded that this appeal should be considered "ahead of other matters" pending on this court's heavy criminal and civil dockets (both in Dallas and in Amarillo due to our district-wide shortage of judges); and, second, the court finds it likely that the court and the parties will benefit from having the appeal considered on a properly prepared record, on briefs filed under the time limits of Rule 8018(a), with oral argument for which the court and counsel can adequately prepare, and a decisional process that is reasonably prompt but not unduly rushed. Any concerns about mootness of an appeal can be addressed by a properly supported motion to stay, which the court emphasizes must first be presented to the bankruptcy court under Rule 8007.

**SO ORDERED**.

July 31, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE