Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Shiva D. Beck (TX 24086882)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com

Michael K. Hurst (TX 10316310)
Ben A. Barnes (TX 24092085)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com

**COUNSEL FOR HIGHLAND CAPITAL
MANAGEMENT, L.P.**

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, | § | (Jointly Administered Under |
| LLC, | § | Case No. 18-30264-SGJ-11) |
| | § | |
| DEBTORS | § | Chapter 11 |
| | § | |

| | | |
|---|---|---|
| HIGHLAND CAPITAL MANAGEMENT, | § | |
| L.P. AND HIGHLAND CLO FUNDING | § | |
| LTD., | § | |
| | § | **Adversary No. 18-03078-sgj** |
| PLAINTIFFS | § | |
| | § | |
| v. | § | |
| | § | |
| ROBIN PHELAN, CHAPTER 11 | § | |
| TRUSTEE | § | |
| | § | |
| DEFENDANT | § | |
| | § | |
| | § | |
| ROBIN PHELAN, CHAPTER 11 | § | |
| TRUSTEE, | § | |
| | § | |
| THIRD PARTY PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| HIGHLAND HCF ADVISOR, LTD. AND | § | |
| HIGHLAND CLO MANAGEMENT, LTD., | § | |
| | § | |
| THIRD PARTY DEFENDANTS. | § | |

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY TO CHAPTER 11 TRUSTEE'S OPPOSITION
TO MOTION TO DISMISS COUNTERCLAIMS OR, ALTERNATIVELY, FOR A MORE DEFINITE
STATEMENT** **PAGE 1**

**HIGHLAND CAPITAL MANAGEMENT, L.P.'S REPLY TO DEFENDANTS'
OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS OR,
ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**

Plaintiff Highland Capital Management, L.P. ("**Highland**") hereby respectfully submits this reply (the "**Reply**") to the *Trustee's Response in Opposition to Highland Capital Management, L.P.'s Motion to Dismiss Counterclaims or, Alternatively, for a More Definite Statement* [Doc. No. 54] (the "**Opposition**").

## I.
## REPLY

1.      The bases of the Chapter 11 Trustee's[1] Counterclaim against Highland are three alleged transactions: (i) the ALF PMA Transfer, (ii) the ALF Share Transfer, and (iii) the Note Transfer. Highland respectfully submits that the Counterclaim should be dismissed. The Chapter 11 Trustee cannot prove any set of facts to support his demand that this Court find that Highland fraudulently transferred assets of the Debtors or conspired against the Debtors. Importantly, the Chapter 11 Trustee asserts no facts that implicate Highland directly (or indirectly) in any of the three alleged transactions.

2.      The purpose of a Rule 12(b)(6) motion is to allow courts to eliminate actions that are fatally flawed and destined to fail. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). This spares litigants (and the courts) the burden of unnecessary pretrial and trial activity. *Id.*

3.      Rule 12(b)(6) is not confined in its sweep to claims of law that are obviously insupportable. On the contrary, if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations, "a claim must be dismissed without regard

---

[1] Capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to such term in the Motion of Highland to Dismiss Counterclaims or, Alternatively, for a More Definite Statement (the "**Motion**") [Doc. No. 42] or the Counterclaim [Doc. No. 23], as applicable.

to whether it is based on an outlandish legal theory or on a close by ultimately unavailing one." *Id.* at 327. This gatekeeper function is all the more important in bankruptcy cases where the estate bears the burden of wasted legal fees.

4. In deciding whether to dismiss the Chapter 11 Trustee's Counterclaim, this Court must only consider the facts alleged in the Counterclaim and exhibits to the Counterclaim, specifically the First ALF PMA, the Second ALF PMA, the October 2017 PMA, the special resolution attached to the Counterclaim as Exhibit F, and the Assignment and Transfer Agreement. *United States v. St. Luke's Episcopal Hosp.*, 355 F.3d 370 (5th Cir. 2004). A court may not take into account additional facts asserted in the Opposition, which does not constitute a pleading under Fed. R. Civ. P. 7(a). *See Hermann Holdings, Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 565 (5th Cir. 2002).

**A. The Chapter 11 Trustee has not alleged and cannot adequately allege a fraudulent transfer as to Highland.**

5. In support of his argument that Highland is implicated in the alleged fraudulent transfers, the Chapter 11 Trustee argues that the "Debtors are under the control of Highland, which orchestrated the insider transfers between the Highland Enterprise." (Opposition at ¶ 13). However, this is nothing more than smoke and mirrors. The Chapter 11 Trustee merely recites the elements for actual and constructive fraud and restates his allegations. Importantly, the Chapter 11 Trustee concedes that "Highland was not a contract party to the Second ALF PMA or the October 27, 2017 PMA" in connection with the ALF PMA Transfer. (Opposition at ¶ 11). Additionally, there is nothing in the Chapter 11 Trustee's allegations that implicates Highland directly, or indirectly in the ALF Share Transfer. The only allegation as to Highland made by the Chapter 11 Trustee is that the repurchase was "coordinated by Frank Waterhouse, an

employee of Acis LP and Highland." (Opposition at ¶ 11). Clearly, the fact that the person who "coordinated" the repurchase worked for two separate entities does not and cannot prove that Highland coordinated the repurchase. Indeed, the Chapter 11 Trustee states that Highland CLO Funding coordinated the repurchase. (Opposition at ¶ 11). Finally, as to the allegation of the Note Transfer, the Chapter 11 Trustee states that the note was transferred from Acis LP to Highland CLOM. (Opposition at ¶ 11). It is unclear how the Chapter 11 Trustee jumps from that allegation to Highland being directly (or indirectly implicated) in the Note Transfer. In short, the Chapter 11 Trustee has not and cannot adequately plead facts sufficient to show that Highland has engaged in actual or constructive fraud against the Debtors. As a result, the Chapter 11 Trustee's Counterclaims as to actual and constructive fraud fail as a matter of law.

**B.     The civil conspiracy claim against Highland also fails.**

6.     The basis of the Chapter 11 Trustee's action for civil conspiracy against Highland is that "Highland employees directed Acis's actions at all times before the Order for Relief." (Counterclaim at ¶ 147). Contrary to the Chapter 11 Trustee's assertion, the action for civil conspiracy in the Counterclaim is nothing more than a recitation of the elements for the cause of action. In order for a cause of action for civil conspiracy to survive, there must be "a meeting of the minds on the object or course of action." *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017). Civil conspiracy requires "specific intent" to accomplish an unlawful purpose. *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996). Therefore, to satisfy Rule 12(b)(6), a civil conspiracy claim must include facts to support when the parties agreed to pursue the conspiracy, including the "specific time, place, or person involved." *Berry v. Bryan Cave LLP*, No. 3:08-CV-2035-B, 2010 U.S. Dist. LEXIS 46572, at *23 (N.D. Tex. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 565 n.10 (2007).

9.     There is nothing in the Counterclaim or the Opposition that provides the specific time, place, or person involved.  The Counterclaim lacks "any facts actually pled" to support the Chapter 11 Trustee's conspiracy claim.  Nor does it establish when the alleged co-conspirators formed the conspiracy, what the object of the conspiracy was, or how Highland participated in it. Mere allegations with the stated elements is not sufficient to overcome a motion to dismiss.  The Chapter 11 Trustee's "thread-bare recital of the elements . . . do[es] not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and, accordingly, the Court should dismiss the Chapter 11 Trustee's conspiracy counterclaim pursuant to Rule 12(b)(6).

**C.     Attorneys' Fees and Conditions Precedent**

11.     Although Highland did not raise the issue of attorneys' fees and conditions precedent, the Chapter 11 Trustee has raised a good point.  The Chapter 11 Trustee states that "because attorney's fees are considered special damages, a request for attorney's fees generally must be specifically pleaded."  (Opposition at ¶ 16).  The Counterclaim does not plead any allegations with specificity to warrant attorneys' fees.  Importantly, to the extent any causes of action are dismissed or require a more definite statement, attorneys' fees should be denied.

## II.
## CONCLUSION

The Chapter 11 Trustee's Counterclaim is fatally flawed.  The Chapter 11 Trustee can prove no set of facts that would transmogrify any of the exhibits attached to the Counterclaim into an agreement between Highland and any other party.  For the foregoing reasons, Highland respectfully asks the Court to dismiss the Chapter 11 Trustee's Counterclaim against Highland, or alternatively, for a more definite statement of claims as to Highland and for all such other relief to which it may be entitled.

DATED: September 10, 2018      Respectfully submitted,

*/s/ Jason B. Binford*
Holland N. O'Neil
State Bar No. 14864700
honeil@foley.com
Jason B. Binford
State Bar No. 24045499
jbinford@foley.com
Melina N. Bales
State Bar No. 24106851
mbales@foley.com
**FOLEY GARDERE**
**FOLEY & LARDNER, LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

and

Michael K. Hurst
Texas Bar No. 10316310
mhurst@lynnllp.com
Ben A. Barnes
Texas Bar No. 24092085
bbarnes@lynnllp.com
Patrick B. Disbennett
Texas Bar No. 24094629
pdisbennett@lynnllp.com
**LYNN PINKER COX & HURST, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839

***ATTORNEYS FOR HIGHLAND CAPITAL***
***MANAGEMENT, L.P.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via ECF on September 10, 2018 to all parties of record.

*/s/ Jason B. Binford*
Jason B. Binford