Mark M. Maloney (GA 468104) (admitted *pro hac vice*)
W. Austin Jowers (GA 405482) (admitted *pro hac vice*)
Paul R. Bessette (TX 02263050)
**KING & SPALDING LLP**
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
mmaloney@kslaw.com

**COUNSEL FOR HIGHLAND CLO FUNDING LTD.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 18-30264-SGJ-11 |
| | § | Case No. 18-30265-SGJ-11 |
| ACIS CAPITAL MANAGEMENT, L.P., | § | |
| ACIS CAPITAL MANAGEMENT GP, LLC, | § | **(Jointly Administered Under Case No. 18-30264-SGJ-11)** |
| | § | |
| DEBTORS | § | **Chapter 11** |
| | § | |
| | § | |
| HIGHLAND CAPITAL MANAGEMENT, L.P. AND HIGHLAND CLO FUNDING LTD., | § | |
| | § | |
| | § | **Adversary No. 18-03078-sgj** |
| PLAINTIFFS | § | |
| | § | |
| v. | § | |
| | § | |
| ROBIN PHELAN, CHAPTER 11 TRUSTEE | § | |
| | § | |
| DEFENDANT | § | |
| | § | |
| | § | |
| ROBIN PHELAN, CHAPTER 11 TRUSTEE, | § | |
| | § | |
| THIRD PARTY PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | |
| HIGHLAND HCF ADVISOR, LTD. AND HIGHLAND CLO MANAGEMENT, LTD. | § | |
| | § | |
| THIRD PARTY DEFENDANTS. | § | |

## HIGHLAND CLO FUNDING, LTD.'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS COUNTERCLAIMS

Plaintiff Highland CLO Funding, Ltd. ("**HCLOF**") hereby respectfully submits this reply (the "**Reply**") to the *Trustee's Response in Opposition to Highland CLO Funding, Ltd.'s Motion to Dismiss* [Docket No. 53] (the "**Opposition**" or "**Opp'n**"), and in further support of *Highland CLO Funding, Ltd.'s Brief in Support of its Motion to Dismiss* [Docket No. 44] (the "**Motion**").[1]

## ARGUMENT

I. **The Court Lacks Personal Jurisdiction Over HCLOF With Respect to the Trustee's Counterclaims.**

1. The Trustee has the burden of proof to show jurisdiction over HCLOF. *Stelax Indus., Ltd. v. Donahue*, NO. 3:03-cv-923-M, 2004 WL 733844, at *1 (N.D. Tex. Mar. 25, 2004) (citing *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001)). Yet the Trustee has pleaded no facts to support finding specific personal jurisdiction over HCLOF for purposes of the Counterclaims. Instead, the Opposition argues that the act of filing the complaint in this adversary proceeding gives this Court jurisdiction over HCLOF "for all purposes." Opp'n at 4. This argument misstates the law.

2. As a preliminary matter, the Trustee does not dispute, and therefore concedes, that the Court does not have general personal jurisdiction over HCLOF. *See* Opp'n at 3–4 (discussing only specific personal jurisdiction).

3. "In order to assert specific jurisdiction over [HCLOF, the Trustee] must show that [HCLOF's] contacts arise from, or are directly related to, the causes of action asserted." *Stelax*, 2004 WL 733844, at *2 (citing *Lewis*, 252 F.3d at 358). Further, "[a] plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006). Therefore, "[t]he Court must conduct the minimum contacts analysis separately for each

---

[1] Capitalized terms not defined herein have the meaning ascribed in the Motion.

cause of action asserted because [the Trustee] is obligated to secure jurisdiction over each Defendant with respect to each claim brought." *Stelax*, 2004 WL 733844, at *2 (citing *BeautiControl, Inc. v. Burditt*, No. 3:01-CV-0744-M, 2001 WL 1149360, at *2 (N.D. Tex. Sept. 26, 2001) and other cases); *see also Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) ("[A] conclusion that the District Court has personal jurisdiction over one of the defendants as to a particular claim asserted by Remick does not necessarily mean that it has personal jurisdiction over that same defendant as to Remick's other claims." (citing cases)).[2]

    4.    "The minimum contacts review is fact-intensive and no single contact is decisive." *Sunday Riley Modern Skin Care, L.L.C. v. Maesa*, H-12-1650, 2013 WL 5231860, at *4 (S.D. Tex. Sept. 12, 2013). For this reason, courts do not find specific personal jurisdiction based solely on the act of filing a lawsuit in the forum. *See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 50 n.5 (2d Cir. 1991) ("A party's consent to jurisdiction in one case, however, extends to that case alone. It in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given, where the party does not consent and no other jurisdictional basis is available.").

    5.    Courts are particularly reticent to find that a non-resident consented to personal jurisdiction by filing a lawsuit that does not "arise from the same set of facts" as the case in which the non-resident contests jurisdiction. *See In re Chinese Manufactured Drywall Prods. Liability Litig.*, 767 F. Supp. 2d 649, 675 n.7 (E.D. La. 2011); *see also ECN Capital (Aviation) Corp. v. Airbus Helicopters SAS*, No. 16-31854-BJH, 2017 WL 1380514, at *12 (Bankr. N.D.

---

[2] Pendant or supplemental jurisdiction, which allows a court to exercise jurisdiction over unrelated claims so that disputes between the parties can be addressed in a single forum, even where a court would not otherwise have subject matter jurisdiction, does not apply to personal jurisdiction. *Frankl v. Netopia, Inc.*, No. 3:05-CV-1757-B, 2007 WL 9712232, at *3–4 (N.D. Tex. Mar. 26, 2007).

Tex. Mar. 28, 2017) (finding no jurisdiction over adversary defendant who had litigated proofs of claim in the main proceeding and stating that "even if this Court were to find that Airbus . . . fil[ed] a lawsuit in the Bankruptcy court, ECN's claims in this Adversary Proceeding do not relate to Airbus's proofs of claim."); *Pekin Ins. Co. v. Hinton*, 192 So.3d 966, 974 (Miss. 2016) ("We emphasize that Pekin's implied consent [by filing suit in this forum] . . . does not subject Pekin to the jurisdiction of Mississippi courts generally. Rather, Pekin's consent applies *only* to claims involving the same parties and the same policy as its federal declaratory action.").[3]

6.      The Counterclaims do not "arise from the same set of facts" as HCLOF's claims for relief in the Complaint. Indeed, the Trustee does not argue that they do. HCLOF's claims relate to the Trustee's post-petition refusal to abide by duties owed to HCLOF by the debtors under the Portfolio Management Agreements for the CLOs (the "**PMAs**"). Compl. ¶¶ 67–108. Resolution of these claims would require the Court to construe the PMAs to determine the Trustee's duties to HCLOF, and the factfinder to determine if the Trustee breached these duties, and if HCLOF is entitled to a declaration of its rights. *Id.* By contrast, the Counterclaims relate to pre-petition transfers. Countercl. ¶¶ 152–62.[4] The Counterclaims do not require construction of the PMAs.

---

[3] The Trustee's cases do not hold otherwise. *Cf.* Opp'n at 4 n.7 (citing *Adam v. Saenger*, 303 U.S. 59, 67 (1938); *Casares v. Agri-Placements Int'l, Inc.*, 12 F. Supp. 3d 956, 967 (S.D. Tex. 2014); *Star Brite Distrib., Inc. v. Gavin*, 746 F. Supp. 633, 636 (N.D. Miss. 1990)). At best, "[t]hey suggest that a defendant's prior litigation as a plaintiff in other cases might amount to consent to jurisdiction in the case against the defendant when the prior cases arise out of the same nucleus of operative facts." *Bertolini-Mier v. Upper Valley Neurology Neurosurgery, P.C.*, No. 5:16-cv-35, 2016 WL 7174646, at *3 (D.Vt. Dec. 7, 2016) (noting that "Nothing in *Saenger* suggests that the rule extends to subject such a litigant to jurisdiction in separate, unrelated cases.").

*Casares* is completely inapposite—and the Trustee misstates its holding. The court did not "find[ ] that the filing of a motion for summary judgment [was] sufficient to establish personal jurisdiction over the moving party." *Cf.* Opp'n at 4 n.7. Rather, the court found that the defendant waived the personal jurisdiction defense by failing to raise that defense in its first responsive pleading. *See Casares*, 12 F. Supp. 3d at 966–67. The *Star Brite* plaintiff waived subject matter jurisdiction by failing to argue it in opposition to a motion to transfer venue. 746 F. Supp. at 636. By contrast, HCLOF raised this Court's lack of personal jurisdiction in its first responsive pleading.

[4] HCLOF has moved for leave to amend its complaint. *See Highland Capital Management, L.P. and Highland CLO*

7.      Because the Counterclaims do not arise from the same set of facts as the allegations in the Complaint, they are "permissive counterclaims [that] require independent jurisdiction." *See Duncan v. First Nat'l Bank of Cartersville, Ga.*, 597 F.2d 51, 55 n.3 (5th Cir. 1979) (quoting *Nat'l Research Bureau, Inc. v. Bartholomew*, 482 F.2d 386, 388–89 (3d Cir. 1973)); *see also* FED. R. CIV. P. 13 (defining compulsory and permissive counterclaims).

8.      The Trustee has made no attempt to plead or argue an independent jurisdictional basis. Nor could he. HCLOF's only connections with the forum state (Texas) are its post-petition participation in the bankruptcy proceeding. Therefore, these contacts cannot demonstrate "a 'direct[,] causal relationship between the defendant, the forum, and the [Counterclaims].'" *Slocumb Law Firm, LLC v. Trollinger*, No. 3:14-CV-719-WKW, 2015 WL 4715067, at *3 (M.D. Ala. Aug. 7, 2015) (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355–56 (11th Cir. 2013)).

9.      For all of these reasons, the Counterclaims must be dismissed.

**II.     In the Alternative, if Jurisdiction Is Found, Many of the Remaining Claims Should Be Dismissed.**

10.     Contrary to the Trustee's baseless accusations, Opp'n at 10, HCLOF's alternative objections isolate particular claims that do not apply to HCLOF or do not state a claim. Courts regularly grant partial motions to dismiss where certain claims are pleaded inadequately. *E.g.*, *Peck v. Asset Mgmt. Assocs., LLC*, No. 3:17-CV-2923-N, 2018 WL 3455511, at *1 (N.D. Tex. July 18, 2018). Among other things, partial motions to dismiss allow a court to narrow the issues for discovery and streamline any motion for summary judgment. But rather than addressing

---

*Funding Ltd.'s Motion for Leave To Amend Adversary Complaint and Brief in Support* [Docket No. 51]. The only remaining proposed cause of action relates solely to post-petition events: the Trustee's continued attempt to force a sale of HCLOF's property. *See id.*, Ex. A, *[Proposed] Amended Complaint and Request for Preliminary Injunction of Highland CLO Funding Ltd. and Highland Capital Management Against Chapter 11 Trustee of Acis Capital Management, L.P. and Acis Capital Management GP, LLC* [Docket 51-1]. These claims also do not arise from the same set of facts as the Counterclaims.

HCLOF'S REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS                           4

these objections, the Trustee mischaracterizes them and pretends to be offended by HCLOF's legal arguments.

### A. HCLOF Was Not Involved in the Note Transfer.

11.     As explained in the Motion, Counts III and VII of the Counterclaims allege that a note was fraudulently transferred from Acis Capital Management, LP to Highland CLO Management Ltd. Mot. at 3. Neither of these parties are HCLOF. The Trustee's bare allegation that HCLOF is part of an alleged "Highland Enterprise" does not justify a cause of action against HCLOF for actions allegedly taken by two legally distinct parties. *See Life Partners Creditors' Trust v. Sundelius (In re Life Partners Holdings, Inc.)*, No. 15-40289-RFN, 2917 WL 5591631, at *3 (N.D. Tex. Nov. 17, 2017) ("In the testing of the adequacy of allegations under Rule 8(a), any reference by a plaintiff to defendants collectively in a complaint fails to satisfy the pleading standards of Rule 8(a)." (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999))); *Searcy v. Knight (In re Am. Int'l Refinery)*, 402 B.R. 728, 738 (Bankr. W.D. La. 2008) ("The allegations in the Complaint that refer to Defendants collectively do not satisfy the heightened pleading standards of Rule 9(b), nor do they provide adequate notice under the more liberal pleading standard of Rule 8(a). . . . At a minimum, the complaint must plead sufficient facts to show each defendant's allegedly fraudulent conduct, or each defendant's role in a scheme to commit fraud.").

12.     Therefore, in the event that the Court has jurisdiction over HCLOF, Counts III and VII should be dismissed as to HCLOF.

### B. The Trustee Has Failed To Plead Adequately a Civil Conspiracy.

13.     For the reasons explained in *Highland Capital Management, L.P.'s Reply to Defendants' Opposition to Motion to Dismiss Counterclaims or, Alternatively, For a More Definite Statement* ("**Highland's Reply**"), the Opposition fails to address the pleading

deficiencies with the Trustee's attempt to plead a claim for civil conspiracy. HCLOF hereby incorporates by reference the arguments in Section B of Highland's Reply, which apply with equal force to the allegations against HCLOF. For the reasons therein, the Trustee has failed to state a claim for civil conspiracy, and Count X should be dismissed.

### C. Counts IV, VII, IX, and XI Do Not State a Claim.

14. As explained in the Motion, Counts IV, VII, and IX do nothing more than request relief under various statutes. Mot. at 3–4. Count XI does not request any relief.[5] The Trustee does not respond to this argument or otherwise explain why he is entitled to relief under these statutes. These counts do not state a plausible claim for relief and should be dismissed.

### D. The Trustee Is Not Entitled to Attorneys' Fees With Respect to Any Claim that Is Dismissed.

15. The Trustee misstates the Motion, alleging an "unreasonable request seeking dismissal of the Trustee's request for attorney's fees." Opp'n at 11. In fact, HCLOF argued only the unremarkable, and undisputed, proposition that "with respect to Counts XII and XIII, the Trustee is not entitled to attorneys' fees with respect to any claim that is dismissed." Mot. at 4. Once again, the Trustee's false umbrage frustrates any attempt to narrow and clarify the issues before the Court.

---

[5] Whether or not the Trustee has pleaded conditions precedent adequately is not the issue, and the Trustee's argument that "it suffices for a plaintiff to allege generally that all conditions precedent have occurred or been performed" is a red herring. *Cf.* Opp'n at 11. Whether pleaded adequately or not, "conditions precedent" is not a claim for relief. If the Trustee mislabeled this allegation, then he should have simply stated so. *See also* Mot. at 4 n.2.

Dated: August 20, 2018

Respectfully submitted,

**KING & SPALDING LLP**

*/s/ Mark. M. Maloney*
Mark M. Maloney
Georgia Bar No. 468104 (admitted *pro hac vice*)
W. Austin Jowers
Georgia Bar No. 405482 (admitted *pro hac vice*)
1180 Peachtree Street NE
Atlanta, GA 30309
Tel: 404-572-4600
Fax: 404-572-5100
mmaloney@kslaw.com
ajowers@kslaw.com

Paul R. Bessette
Texas Bar No. 02263050
500 West 2nd St., Suite 1800
Austin, TX 78701-4684
(512) 457-2000 (phone)
(512) 457-2100 (fax)
pbessette@kslaw.com

***Counsel for Highland CLO Funding, Ltd.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via ECF on August 20, 2018 to all parties of record.

*/s/ Mark M. Maloney*
Mark M. Maloney