| | |
|---|---|
| Holland N. O'Neil (TX 14864700) <br> Jason B. Binford (TX 24045499) <br> Shiva D. Beck (TX 24086882) <br> Melina N. Bales (TX 24106851) <br> **FOLEY GARDERE** <br> **FOLEY & LARDNER LLP** <br> 2021 McKinney Avenue, Ste. 1600 <br> Dallas, Texas 75201 <br> Telephone: (214) 999.3000 <br> Facsimile: (214) 999.4667 <br> honeil@foley.com | Michael K. Hurst (TX 10316310) <br> A. Shonn Brown (TX 24007164) <br> Ruben A. Garcia (TX 24101787) <br> **LYNN PINKER COX & HURST, LLP** <br> 2100 Ross Avenue, Ste. 2700 <br> Dallas, Texas 75201 <br> Telephone: (214) 981.3800 <br> Facsimile: (214) 981.3839 <br> mhurst@lynnllp.com <br><br> **COUNSEL FOR HIGHLAND HCF ADVISOR, LTD. AND HIGHLAND CLO MANAGEMENT, LTD.** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § <br> § | Case No. 18-30264-SGJ-11 <br> Case No. 18-30265-SGJ-11 |
| **ACIS CAPITAL MANAGEMENT, L.P.,** <br> **ACIS CAPITAL MANAGEMENT GP, LLC,** | § <br> § <br> § <br> § | (Jointly Administered Under Case   No. 18-30264-SGJ-11) |
| DEBTORS | § <br> § | **Chapter 11** |
| **HIGHLAND CAPITAL MANAGEMENT,** <br> **L.P. AND HIGHLAND CLO FUNDING LTD.,** <br><br> PLAINTIFFS <br><br> v. <br><br> **ROBIN PHELAN, CHAPTER 11 TRUSTEE** <br><br> DEFENDANT <br><br><br> **ROBIN PHELAN, CHAPTER 11 TRUSTEE,** <br><br> THIRD PARTY PLAINTIFF, <br><br> v. <br><br> **HIGHLAND HCF ADVISOR, LTD.,** <br> **HIGHLAND CLO MANAGEMENT, LTD.,** <br> **AND HIGHLAND CLO HOLDINGS, LTD.** <br><br> THIRD PARTY DEFENDANTS. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | **Adversary No. 18-03078-sgj** |

**HIGHLAND HCF ADVISOR, LTD. AND HIGHLAND CLO MANAGEMENT, LTD.'S MOTION TO DISMISS TRUSTEE'S COUNTERCLAIMS FOR INSUFFICIENT PROCESS AND LACK OF PERSONAL JURISDICTION**

Highland HCF Advisor, LTD. and Highland CLO Management, Ltd. ("**Highland Advisor**" and "**Highland Management**," respectively) hereby file their *Motion to Dismiss Trustee's Counterclaims for Insufficient Process and Lack of Personal Jurisdiction* (the "**Motion**"). In support of the Motion, Highland Advisor and Highland Management respectfully state as follows:

## I.
## INTRODUCTION AND RELEVANT BACKGROUND

1. On November 13, 2018, Defendant, Counter and Third-Party Plaintiff Robin Phelan as Chapter 11 Trustee (the "**Trustee**") for Debtors Acis Capital Management, L.P. and Acis Capital Management GP, LLC, filed his *Amended Answer, Counterclaims (Including Claim Objections), and Third-Party Claims*, asserting claims for the first time against, *inter alia*, Highland Advisor and Highland Management (the "**Counterclaims**"). *See* Docket No. 84 at ¶¶ 10-11.

2. As provided below, the Trustee failed to properly serve both Highland Advisor and Highland Management, and therefore, the Counterclaims should be dismissed pursuant to FCRP 12(b)(4) and BR 7004. Alternatively, even if the Court determines that there has been proper service, the Counterclaims should be dismissed as to Highland Advisor and Highland Management (both of which are foreign entities) because the Trustee has failed to meet his threshold burden to plead sufficient minimum contacts to support the exercise of personal jurisdiction pursuant to FRCP 12(b)(2). For these reasons, the Court should grant the Motion, and dismiss Highland Advisor and Highland Management from this action.

## II.
## ARGUMENT

**A.     Neither Highland Advisor Nor Highland Management Was Properly Served.**

3.      This Court should dismiss Highland Advisor and Highland Management from this action because the Trustee failed to properly serve either party, thereby usurping their due process rights.

4.      The Trustee's purported "service" of Highland Advisor and Highland Management was improper in several respects: (1) the Trustee failed to comply with the Hague Service Convention, which applies to corporations outside the United States; (2) each summons was "executed" in an untimely manner; and (3) each summons was received by a non-officer individual at a domestic address, despite the fact that each party is a foreign corporation.

5.      <u>Failure to Comply with Hague Service Convention</u>. As the Trustee has correctly stated, Highland Advisor and Highland Management are both entities "organized under the laws of the Cayman Islands" with registered office locations in Grand Cayman. *See* Docket No. 84 at ¶¶ 10-11. BR 7004(a) incorporates FRCP Rule 4, which states that service upon a foreign corporation, such as Highland Advisor and Highland Management, shall be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. . . ." Fed. R. Civ. P. 4(f)(1).[1] This Court has stated that "[s]ervice abroad must comply with the Hague Service Convention." *In re Rice*, 311 B.R. 450, 453 (Bankr. N.D. Tex. 2004).

6.      The Hague Service Convention is a "self-executing treaty" to which the United States and the Cayman Islands (as a territory of the United Kingdom) are both parties.

---

[1] Although BR 7004(b)(3) authorizes service on a corporation by first class mail, it is limited to mailing within the United States. *See In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 283 (Bankr. S.D.N.Y. 2013).

3

*Convention Done at The Hague Nov. 15, 1965*; 20 U.S.T. 361, T.I.A.S. No. 6638 (Feb. 10, 1969). Articles 3 and 5 of the Hague Service Convention provide that service is to be effected through the actions of a "Central Authority" of the country in which service is to be achieved. *See* 20 U.S.T. at 363, T.I.A.S. No. 6638. The Trustee has offered no discernable evidence of any attempt to comply with these mandates of the Hague Service Convention. Indeed, the Trustee's attempt at service occurred in Dallas, Texas, and was received by a different individual than intended (as explained below).

7. These critical defects in service, along with the complete absence of evidence of any good faith attempt to comply with the Hague Service Convention, have deprived Highland Advisor and Highland Management of due process, thereby warranting dismissal from this action.

8. <u>Untimely Execution</u>. Alternatively, if the Court finds that the Trustee did not need to comply with the Hague Service Convention, which it did, the Trustee's attempted service of Highland Advisor and Highland Management was made well beyond the time limit prescribed by BR 7004(e). *See* Fed. R. Bankr. P. 7004(e). Under BR 7004(e), service of a summons "shall be by delivery of the summons and complaint within 7 days after the summons is issued." As filed, the "executed" summonses were issued by the Court on July 11, 2018, and received by an unspecified person at a Dallas, TX address on July 24, 2018. *See* Docket Nos. 48, 49. The Trustee, therefore, failed to comply with the clear procedure for service in this Court.

9. <u>Unknown Recipient</u>. The Trustee's attempted service is further insufficient because the returned executed summonses provide no information regarding their recipient. *See* Docket Nos. 48, 49. As filed, the noted recipient of the attempted service is a "Mary Muller." *See* Docket Nos. 48 at 3; 49 at 3. BR 7004(e) provides that service by mail is only appropriate if

4

made upon an "officer, managing or general agent or [] any other agent authorized by appointment or by law to receive service of process." Fed. R. Bankr. P. 7004(e). The Trustee has wholly failed to comply with fundamental due process rights because it has not: explained who Ms. Muller is, described her position within either entity, or otherwise demonstrated how her receipt of the summons complies with fundamental notions of due process. *See Bunton v. Charter Communs. (In re Bunton)*, 2004 Bankr. LEXIS 2338, *3 (Bankr. N.D. Tex. Dec. 16, 2004). As entered, the Trustee's attempted service is improper, insufficient, and invalid. Accordingly, the Court should ensure that the right to due process is not violated and dismiss Highland Advisor and Highland Management from this action.

**B. The Court Lacks Personal Jurisdiction over Highland Advisor and Highland Management Regarding Trustee's Counterclaims.**

10. Even if the Court finds that process was sufficient, or can be corrected without dismissal, Highland Advisor and Highland Management should be dismissed due to lack of personal jurisdiction.

11. Federal courts in Texas comport with the Due Process Clause of the Fourteenth Amendment when making jurisdiction determinations. *See Mink v. AAAA Dev. LLC,* 190 F .3d 333, 335 (5th Cir. 1999); *Alpine View Co. v. Atlas Copco AE*, 205 F.3d 208, 214 (5th Cir. 2000). "The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.' To comport with due process, the defendant's conduct in connection with the forum state must be such that he 'should reasonably

5

anticipate being haled into court' in the forum state." *Latshaw v. Johnston,* 167 F.3d 208, 211 (5th Cir. 1999) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

12. Generally, a defendant's contacts with the forum state may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.*

13. As the party asserting the Counterclaim, the Trustee has "the initial burden to plead and prove the requisite contacts with the United States" to support the exercise of personal Jurisdiction over Highland Advisor and Highland Management. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018).

14. The Trustee has not expressly or impliedly described to the Court how Highland Advisor and Highland Management are subject to its jurisdiction. Put simply, the Trustee has failed to meet his burden to plead personal jurisdiction, and it is not incumbent upon the Court or the named parties to infer why they should be subject to the Court's jurisdiction. *See In re Hackman*, 534 B.R. 867, 871 (Bankr. E.D. Va. 2015) ("The plaintiff has the burden of proof to make a prima facie showing in support of its assertion of jurisdiction."). Based on this failure to meet his burden, and for failure to comport with due process requirements, Highland Advisor and Highland Management should be dismissed.

### III.
### CONCLUSION

For the reasons stated above, Highland Advisors and Highland Management respectfully request that this Court grant the Motion and dismiss them from this action.

DATED: December 21, 2018		Respectfully submitted,

                                                      */s/ A. Shonn Brown*
Michael K. Hurst
Texas Bar No. 10316310
mhurst@lynnllp.com
A. Shonn Brown
Texas Bar No. 24007164
sbrown@lynnllp.comRuben A. Garcia
Texas Bar No. 24101787
rgarcia@lynnllp.com
**LYNN PINKER COX & HURST, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile: (214) 981-3839


--and--


Holland N. O'Neil
State Bar No. 14864700
honeil@foley.com
Jason B. Binford
State Bar No. 24045499
jbinford@foley.com
Melinda N. Bales
State Bar No. 24106851
mbales@foley.com
**FOLEY GARDERE**
**FOLEY & LARDNER, LLP**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667

**ATTORNEYS FOR HIGHLAND HCF ADVISOR, LTD. AND HIGHLAND CLO MANAGEMENT, LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via ECF on December 21, 2018 to all parties of record.

*/s/ A. Shonn Brown*
A. Shonn Brown
