Holland N. O'Neil (TX 14864700)
Jason B. Binford (TX 24045499)
Shiva D. Beck (TX 24086882)
Melina N. Bales (TX 24106851)
**FOLEY GARDERE**
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Ste. 1600
Dallas, Texas 75201
Telephone: (214) 999.3000
Facsimile: (214) 999.4667
honeil@foley.com

Michael K. Hurst (TX 10316310)
V. Chisara Ezie-Boncoeur (TX 24103714)
Ruben A. Garcia (TX 2410178)
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Ste. 2700
Dallas, Texas 75201
Telephone: (214) 981.3800
Facsimile: (214) 981.3839
mhurst@lynnllp.com

**COUNSEL FOR HIGHLAND CLO HOLDINGS, LTD.**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **IN RE:** | § § § § § § § § | **Case No. 18-30264-SGJ-11**<br>**Case No. 18-30265-SGJ-11**<br><br>**(Jointly Administered Under Case   No. 18-30264-SGJ-11)**<br><br>**Chapter 11** |
| **ACIS CAPITAL MANAGEMENT, L.P., ACIS CAPITAL MANAGEMENT GP, LLC,** | | |
| DEBTORS | | |
| **HIGHLAND CAPITAL MANAGEMENT, L.P. AND HIGHLAND CLO FUNDING LTD.,** | § § § § § § § § § § § § § § § § § § § § § § | **Adversary No. 18-03078-sgj** |
| PLAINTIFFS | | |
| v. | | |
| **ROBIN PHELAN, CHAPTER 11 TRUSTEE** | | |
| DEFENDANT | | |
| **ROBIN PHELAN, CHAPTER 11 TRUSTEE,** | | |
| THIRD PARTY PLAINTIFF, | | |
| v. | | |

1

| | |
|---|---|
| **HIGHLAND HCF ADVISOR, LTD.,** | § |
| **HIGHLAND CLO MANAGEMENT, LTD.,** | § |
| **AND HIGHLAND CLO HOLDINGS, LTD.** | § |
| | § |
| **THIRD PARTY DEFENDANTS.** | § |
| | § |

**HIGHLAND CLO HOLDINGS, LTD.'S MOTION TO DISMISS TRUSTEE'S COUNTERCLAIMS FOR INSUFFICIENT PROCESS AND LACK OF PERSONAL JURISDICTION**

Highland CLO Holdings Ltd. ("**Highland CLO Holdings,**" respectively) hereby files its *Motion To Dismiss Trustee's Counterclaims For Insufficient Process and Lack Of Personal Jurisdiction* (The "Motion"). In support of the Motion, Highland CLO Holdings respectfully states as follows:

**I.
INTRODUCTION AND RELEVANT BACKGROUND**

1. On November 13, 2018, Defendant, Counter and Third-Party Plaintiff Robin Phelan as Chapter 11 Trustee (the "**Trustee**") for Debtors Acis Capital Management, L.P. and Acis Capital Management GP, LLC, filed his *Amended Answer, Counterclaims (Including Claim Objections), and Third-Party Claims*, asserting claims for the first time against, *inter alia*, Highland CLO Holdings (the "**Counterclaims**"). *See* Docket No. 84 at ¶¶ 3,12.

2. The Trustee failed to properly serve Highland CLO Holdings, and therefore, the Counterclaims should be dismissed pursuant to FCRP 12(b)(4) and BR 7004. Alternatively, even if the Court determines that there has been proper service, the Counterclaims should be dismissed as to Highland CLO Holdings (a foreign entity) because the Trustee has failed to meet his threshold burden to demonstrate or even plead sufficient minimum contacts to support the exercise of personal jurisdiction pursuant to FRCP 12(b)(2). For these reasons, the Court should grant the Motion, and dismiss Highland CLO Holdings from this action.

## II.
## ARGUMENT

**A.    Highland CLO Holdings Was Not Properly Served.**

3.    This Court should dismiss Highland CLO Holdings from this action because the Trustee failed to properly serve the party, thereby thwarting Highland CLO Holdings' due process rights.

4.    The Trustee's purported "service" of Highland CLO Holdings was improper in two material respects: (1) the Trustee failed to comply with the Hague Service Convention, which applies to corporations outside the United States; and (2) no summons was "executed" or returned as to Highland CLO Holdings.

**Failure to Comply with Hague Service Convention.**

5.    As the Trustee has correctly stated, Highland CLO Holdings is an entity "organized under the laws of the Cayman Islands" with its registered office located in Grand Cayman. *See* Docket No. 84 at ¶ 12. BR 7004(a) incorporates FRCP Rule 4, which states that service upon a foreign corporation, such as Highland CLO Holdings, shall be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. . . ." Fed. R. Civ. P. 4(f)(1).[1] This Court has stated that "[s]ervice abroad ***must comply*** with the Hague Service Convention." *In re Rice*, 311 B.R. 450, 453 (Bankr. N.D. Tex. 2004) (emphasis added).

6.    The Hague Service Convention is a "self-executing treaty" to which the United States and the Cayman Islands (as a territory of the United Kingdom) are both parties. *Convention Done at The Hague Nov. 15, 1965*; 20 U.S.T. 361, T.I.A.S. No. 6638 (Feb. 10, 1969). Articles 3

---

[1] Although BR 7004(b)(3) authorizes service on a corporation by first class mail, it is limited to mailing within the United States. *See In re Hawker Beechcraft, Inc.*, 486 B.R. 264, 283 (Bankr. S.D.N.Y. 2013).

and 5 of the Hague Service Convention provide that service is to be effectuated through the actions of a "Central Authority" of the country in which service is to be achieved. *See* 20 U.S.T. at 363, T.I.A.S. No. 6638; *see also In re Rice*, 311 B.R. at 453 ("Under the Hague Service Convention, service may be accomplished through the use of a designated central authority.") The Trustee has offered no discernable evidence of any attempt to comply with the mandates of the Hague Service Convention.

7. These critical defects in service, along with the complete absence of evidence of any good faith attempt to comply with the Hague Service Convention, have deprived Highland CLO Holdings of due process, thereby warranting dismissal from this action.

**Improper and Untimely Service.**

8. Additionally, even if the Court finds that the Trustee did not need to comply with the Hague Service Convention, although it was bound to the Convention since Highland CLO Holdings is a foreign entity, the Trustee's attempted service of Highland CLO Holdings violates due process on two additional fronts. *First*, the Trustee seeks to improperly drag Highland CLO Holdings into this lawsuit although the summons issued to Highland CLO Holdings has not been returned. The Federal Rules of Bankruptcy Procedure require proof of service of the summons and complaint. Fed. R. Bankr. P. 7004. Here, no proof of service was returned for the summons issued to Highland CLO Holdings, and as such, there is no prima facie evidence that the summons and complaint was served upon Highland CLO Holdings. *See e.g.*, (*Nabulsi v. Nahyan*, No. CIV A H-06-2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009) (explaining that the return of service is generally prima facie evidence of the manner in which service was effectuated).

9. *Second*, to the extent that the Trustee purports to argue that he can properly serve Highland CLO Holdings through a domestic Highland entity named as a party to this the lawsuit—

he cannot— and he did not "within 7 days after the summons [wa]s issued." *See* Fed. R. Bankr. P. 7004(e). Highland CLO Holdings is a separate legal entity from the Highland entities named as parties to this lawsuit and is not their alter ego. The Trustee, therefore, failed to comply with the clear procedure for service in this Court.

**B.      The Court Lacks Personal Jurisdiction over Highland CLO Holdings Regarding Trustee's Counterclaims.**

10.     Highland CLO Holdings should be also be dismissed due to lack of personal jurisdiction.

11.     Federal courts in Texas comport with the Due Process Clause of the Fourteenth Amendment when making jurisdiction determinations. *See Mink v. AAAA Dev. LLC,* 190 F.3d 333, 335 (5th Cir. 1999); *Alpine View Co. v. Atlas Copco AE*, 205 F.3d 208, 214 (5th Cir. 2000). "The Due Process Clause of the Fourteenth Amendment permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice." *Alpine View Co.* 205 F.3d at 214-15 (internal citations omitted). To comport with due process, "the defendant's conduct and connection with the forum State [must be] such that [it] should reasonably anticipate being haled into court there." *Id*. at 215 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). In other words, Highland CLO Holdings "may 'not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, or of the 'unilateral activity of another party or third person.' *Nabulsi,* 2009 WL 1658017, at *17 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

12.     Generally, a defendant's contacts with the forum state may support either specific or general jurisdiction over the defendant. *Mink*, 190 F.3d at 336. "Specific jurisdiction exists when

the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action. General jurisdiction exists when a defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Id.*

13. As the party asserting the Counterclaim, the Trustee has "the initial burden to plead and prove the requisite contacts with the United States" to support the exercise of personal Jurisdiction over Highland CLO Holdings. *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 499 (5th Cir. 2018).

14. The Trustee has not expressly or impliedly described to the Court how Highland CLO Holdings is subject to its jurisdiction. Put simply, the Trustee has failed to meet his burden to plead, let alone demonstrate, personal jurisdiction, and it is not incumbent upon the Court or the named party to infer why it should be subject to the Court's jurisdiction. *See Nabulsi*, 2009 WL 1658017, at *12 ("The plaintiff has the burden of establishing the district court's jurisdiction over the defendant") (internal citations omitted). Here, no personal jurisdiction exists over Highland CLO Holdings because *inter alia*, the foreign entity has not purposefully availed itself of the benefits and protections of the forum and Highland CLO Holdings lacks minimum contacts with the forum. For these reasons, including without limitation, the Trustee's failure to meet his burden to establish personal jurisdiction, and failure to comport with due process requirements, Highland CLO Holdings should be dismissed.

### III.
### CONCLUSION

For the foregoing reasons, Highland CLO Holdings respectfully requests that this Court grant the Motion and dismiss it from this action.

DATED:  March 12, 2019                    Respectfully submitted,

*/s/ Michael K. Hurst*
Michael K. Hurst
Texas Bar No. 10316310
mhurst@lynnllp.com
V. Chisara Ezie-Boncoeur
Texas Bar No 24103714
cezie-boncoeur@lynnllp.com
Ruben A. Garcia
Texas Bar No 2410178
rgarcia@lynnllp.com
**LYNN PINKER COX & HURST, L.L.P.**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
Telephone: (214) 981-3800
Facsimile:  (214) 981-3839

--and--

Holland N. O'Neil
State Bar No. 14864700
honeil@foley.com
Jason B. Binford
State Bar No. 24045499
jbinford@foley.com
Melinda N. Bales
State Bar No. 24106851
mbales@foley.com
**FOLEY GARDERE**
**FOLEY & LARDNER, L.L.P.**
2021 McKinney Avenue, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000
Facsimile:  (214) 999-4667

*ATTORNEYS FOR HIGHLAND CLO HOLDINGS, LTD.*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via ***ECF*** on March 12, 2019 to all parties of record.

                                      */s/ Michael K. Hurst*
                                      Michael K. Hurst